UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                      CRIMINAL ACTION NO. 3:15MJ-243-DW

PATRICK NEWMAN                                                         DEFENDANT

**<u>DETENTION ORDER</u>**

*I.  Background*

The Defendant, Patrick Newman, is charged by criminal complaint with knowingly persuading, inducing, enticing or coercing a minor to engage in a sexual activity, the production of a visual depiction of such activity knowing that it would be transported or transmitted via interstate commerce, and the possession of child pornography. The charged conduct is alleged to be in violation of 18 U.S.C. §2422(b), 18 U.S.C. §2251(a) and (e), and 18 U.S.C. §2252A(a)(5)(B) and (b)(2). (DN 1, Complaint).

The Defendant made his initial appearance with retained counsel on June 2, 2015. At counsel's request, the preliminary and detention hearings were passed to June 5, 2015. At that appearance, the Defendant waived the preliminary hearing with a stipulation of probable cause as to the charges in the criminal complaint. The United States moved to detain Defendant based on his danger to the community should he be released. Following a hearing on the issue of detention, the Court took the matter under submission. For the reasons set forth below, the Court orders that the Defendant be detained.

## II. *Legal Analysis Under the Bail Reform Act*

In the ordinary case, the Bail Reform Act contains a presumption in favor of release. 18 U.S.C. 3142(b). Congress, however, has determined that particular classes of offenders should ordinarily be detained prior to trial due to the high risk of danger they present to the community and the likelihood that they will flee. The Defendant in this case is charged with inducing or enticing a minor to engage in sexual activity in violation of 18 U.S.C. §2422, the production of child pornography in violation of 18 U.S.C. §2251, and possessing child pornography in violation of 18 U.S.C. §2252. The Defendant has waived a preliminary hearing on these charges and has admitted that there is probable cause to believe that he committed the charged offenses. As a result, the statutory requirements to create a presumption in favor of detention have been established. 18 U.S.C. §3142(e)(3)(E).

The presumption in favor of detention imposes a "burden of production" on the Defendant to come forward with evidence that he does not pose a danger to the community in order to rebut the presumption. The United States retains the "burden of persuasion" to establish by clear and convincing evidence that there are no conditions of release sufficient to assure the safety of the community. *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010). "Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.' (citation omitted). The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id*.

In determining whether the United States has met its burden of persuasion, the Court also considers the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the Defendant's history and characteristics; (4) the Defendant's character, physical and mental condition, family ties, employment, financial resources, community ties, past conduct and criminal history; and (5) the nature and seriousness of danger to any person or the community if the Defendant is released.  18 U.S.C. §3142(g).

### III.   Analysis.

In an effort to overcome the presumption in favor of detention, the Defendant offered his mother and brother as co-third-party custodians.  He proposed the removal of all computer devices from his home where he would reside with GPS monitoring.  It was also proposed that his mother would relocate her residence to the Defendant's home and that the Defendant would be supervised 24 hours a day by his mother and brother.  These conditions would make it "impossible to reoffend" in the words of defense counsel.  It was also suggested that the Defendant's ongoing cooperation with law enforcement in the case creates a likelihood that he would comply with whatever conditions of release the Court would impose.

The Court finds that the Defendant has failed to overcome the presumption in favor of detention.  It is not realistic to believe that the Defendant's mother and brother can "give up their lives" or "put their lives on hold," as represented by counsel, in order to provide 24-hours a day, 7-days a week supervision of the Defendant pending trial.  Mrs. Newman is employed and has her own residence.  She testified that she would take a leave of absence from her job in order to provide constant supervision of her son.  Such an arrangement seems unsustainable to the Court.

Likewise, the Defendant's brother is employed as a CPA and has his own family. Those obligations surely would limit his ability to act as a third-party custodian.

The proposal to remove all computer devices from the home is of limited value given the ubiquitous presence of the internet and the easy access to the internet by increasingly smaller devices that could easily find their way into the home even if steps were taken to prevent those items from being present in the home.

Assuming that the Defendant had overcome the presumption in favor of detention, the Court finds that the United States has met its burden of persuasion and that there is clear and convincing evidence that there are no conditions of release that would reasonably assure that the Defendant would not be a danger to the community. In making this determination, the Court applied the statutory factors as follows:

(1) Nature of the offense.

The Defendant is charged with a crime of violence as defined by statute to include a felony violation of Chapter 110 of Title 18 entitled, "Sexual Exploitation and Other Abuses of Children." Courts recognize that child pornography is an insidious offense in that it takes advantage of a particularly vulnerable segment of society. For example, the Third Circuit in *United States v. MacEwan*, 445 F.3d 237, 250 (3rd Cir. 2006) quoted Congressional findings under 18 U.S.C. §2251 which "repeatedly stress that child pornography 'is a form of sexual abuse which can result in physical or psychological harm or both to the children involved.'" *Id*. at 249, quoting Child Pornography Prevention Act of 1986 Pub.L.No. 104-208, §121, 110 Stat. 3009, at 3009-26 (1996) (codified as an amendment at 18 U.S.C. §2251). Those same findings further indicate that "where children are used in production, child pornography permanently

4

records the victim's abuse and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." *Id*. at 250. The court also noted that "[t]he mere 'existence of and traffic in child pornographic images creates the potential for many type of harm in the community and presents a clear and present danger to all children.'" *Id*. Child pornography "inflames the desires of pedophiles to prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials." Id.

Under the facts and circumstances of this case, the nature of the offense weighs heavily in favor of detention. Defendant Newman enticed a minor through on-line chat to produce ten videos of the minor engaged in various sexual activities to include sadistic acts. The Defendant shared that material with others and was actively chatting with another minor at the time of his arrest in an effort to create more videos.

(2) Weight of the Evidence Against the Defendant.

The Sixth Circuit teaches that this factor assesses the evidence of danger and not the evidence of guilt. *United States v. Stone*, 608 F.3d at 948. ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.") *See, Hazime*, 762 F.2d 34, 37 (6th Cir. 1985) (noting that the weight of evidence against the person "deals with the factors to be considered in determining whether there are conditions which will assure the appearance of the accused and the safety of the community"); *see also, United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (Section 3142(g) "neither requires nor permits a pretrial determination of guilt")).

This factor weighs heavily in favor of detention. The Defendant is a schoolteacher. Unfortunately, he misused his talent to reach and influence children by the use of web chats to influence and persuade a 13-year-old to perform various sexual and sadistic acts in ten videos that were not only sent to the Defendant but placed in the public domain. The Defendant has a predilection for young boys between the ages of 13 and 17, and by his own admission, has used other minor boys through internet chats to trade videos and photographs with him. In addition, he maintains a circle of adults with whom he trades child pornography.

Here we have actual production. Courts have recognized the serious danger in attempted production cases as a basis for detention. For example, in *United States v. Burdette*, 813 F.Supp.2d 1, 3-4 (D.D.C. Aug. 30, 2011), the district court reversed the ruling of a magistrate judge and ordered the detention of a defendant who had attempted production of child pornography. The defendant in that case had been chatting online with an undercover officer, someone he believed to be the stepfather of a 12-year-old girl who was willing to have the child perform sexual acts for the defendant via webcam.

(3) History and Characteristics of the Defendant.

The Court considers the Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residency in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings. To the Defendant's benefit, he has strong family ties, apparent financial resources, and has been a lifelong resident of this community. The Court has not been informed of any history relating to drug or alcohol abuse. The Defendant has no meaningful criminal history.

However, the Defendant's past conduct is to his detriment and raises serious concerns regarding the seriousness of the danger his release would present. The Defendant has admitted to engaging in conduct similar to that charged for a significant period of time. His communications with the victim in this case lasted several months. The Defendant admitted that he has spoken with other minor boys through the same chat log and has traded videos and photographs with these minors. This past conduct is further justification for his detention. *See, United States v. Simons*, 2013 WL 4811853 at *2-3 (M.D.N.C. Sept. 10, 2013) (past conduct of defendant who admitted that he regularly has viewed and downloaded images of child pornography over a period of time through file-sharing programs and later through less traceable means was evidence of significant danger). In this case, the Defendant used an alias and screen name to persuade the victim, and others, to produce pornographic videos and to post those videos on line.

(4) The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Defendant's Release.

The Defendant proposed co-third-party custodians and the removal of all computers and internet devices from his home as conditions to reasonable abate the danger he presents to the community. As stated previously, the Court is not convinced that the Defendant's mother and brother can realistically "give up their lives," as proposed by defense counsel, in order to provide the 24-hour a day supervision of the Defendant. The Court does not doubt the sincerity of the Defendant's mother or brother and understands their desire to do anything within their power to help the Defendant. On the other hand, the Defendant has managed to hide his activities from his family for a substantial period of time. He admits an attraction to young boys ages 13 – 17. His addiction so strong that he risked everything to satisfy it. The Court is not convinced that a

third-party custodian can mitigate the danger to the community under these circumstances. *See, United States v. Gaw*, 2013 WL 5979625 at *3 (M.D.Cal. Nov. 8, 2013) (rejecting defendant's proposal that his mother, father, sister, brother and sister-in-law share as sureties to mitigate the danger to the community where the defendant was involved in the production of child pornography and had recruited and enticed minors to participate in sexually explicit activities).

The Defendant has demonstrated his ability to manipulate and control minors. He also has demonstrated a certain level of sophistication in the use of social media to obtain his goals without detection. The fact that he claims to have never actually touched a minor is not persuasive in light of the use of videos where the minor performed at his direction in order to satisfy the Defendant's sexual desires.

The proposal that the Defendant reside in his home under GPS monitoring may be effective to eliminate risk of flight. However, it does nothing to eliminate danger in a residential community where the Defendant is bound to come in contact with minors. Finally, the proposal to eliminate computers and other devices from the home along with the Defendant's agreement not to access such devices is difficult to enforce as a condition of release. In *United States v. Conover*, 2012 WL 4846132 at *7 (D.N.J. Oct. 12, 2012), the court noted the following:

> The ubiquitous presence of the internet and the all-encompassing nature of the information it contains are too obvious to require extensive citation or discussion; *United States v. Voelker*, 489 F.3d 139, 145 (3rd Cir. 2007). *See also, Reiner*, 468 F.Supp.2d at 398-99 (electronic monitoring does not adequately address the ability to access phones or computers in the home which could be used for illicit activities, even if steps are taken to prevent the items from being present in the home). Access to the internet is possible through desktop and laptop computers, phones, game consoles, WIFI, hot spots, etc… Even if defendant could somehow be prohibited from viewing or exchanging images of child pornography, it is difficult to conceive of measures that could confidentially assure that he would not communicate with others and encourage the distribution of child pornography and its related illicit activities. As noted in *Falcon*: it is not possible to formulate conditions of release that would completely deprive

> … a defendant of the ability to possess or attempt to possess additional child pornography or to communicate and interact with (via e-mail, internet or phone) others involved in the possession, sale and distribution of child pornography or other sexual abuse of children, which would also create a clear danger by facilitating a criminal and dangerous exploitation of children by other individuals.

*Id.* at 87.

*Conclusion*

The Court has carefully considered all of the evidence and finds that there is clear and convincing evidence to believe that the Defendant is a danger to the community and that there are no conditions that it could set that would reasonably abate that danger. **IT IS HEREBY ORDERED** that the Defendant shall be detained and is remanded to the custody of the U.S. Marshal Service pending further order of the Court.

Cc:   Counsel of Record