Supplemental Memorandum                         Page 2

(A-1)


Issue One

> WHETHER OR NOT THE DISTRICT COURT ERRED IN ACCEPTING DEFENDANTS OPEN PLEA OF GUILTY, TO VIOLATIONS OF 18 U.S.C. § 2422.

### A. Summary Of Argument

The Argument is designed as a Pro - Se, Petitioners, attempt to show that the District Court did not meet all the necessary elements for accepting the plea correctly. Mainly all the elements were not proven by the Prosecution.

### B. Standard Of Review

Under Rule 11 (a)(1), of the Federal Rules Of ~~civil~~ crim. Procedure, a Defendant may plea guilty or not guilty, -see- [ United States v. Louchart, 680 F.3d 635, 637 (6th Cir. 2012)- ]. And the Guilty Plea constitutes admission of all formal elements necessary to sustain a conviction, but does not admit all of the facts alleged.

Supplemental Memorandum                                Page 3

(A-2)

      The Constitution requires that Defendant's plea to be knowingly and intelligently made. -see- [ O'Neil v. Louisville / Jefferson Cnty Metro Gov't [ ], (   )-], A Guilty Plea may be set aside as involuntary, ( a plea would not be knowing [if] Defendant's were unaware of charges, the violations they were subject to, or the elements of the offence.)

      A Guilty Plea may be set aside as involuntary if the defendant can establish prejudice resulting from prosecutorial misconduct, -see- [ United States v. Coker, 514 F3d 562, 569 (6th Cir. 2008)-].

      Under Rule 11 (b)(1), before accepting a plea of guilty, a Judge must address defendant personally in open court to inform the defendant of the charges he face, and determine that the defendant understands ... [ his rights ] .... Before the plea is to be valid adequate factual basis needs to be established , only for the elements of the substantive Criminal Offence. -see- Libretti v. United States, 516 US. 29, 38; 133 L.Ed2d 271; 116 S.Ct. 356 (1995)-]. -and see- [ United States v. Goldburg, 862 F.2d 101, 107 (6th Cir. 1988)-].

Supplemental Memorandum                                Page 4

(A-3)

(" failure to establish [a] factual basis for a guilty plea to a issue, is not harmless error and requires a plea to be [ vacated ], and to be [ Remand ] to be re-plead.)

To be guilty of a Violation of 18 U.S.C. 2422 (b), persuades, induces, entices, or coerces-is, "any individual who has not attained 18 years", not the sex act its self, and the statue is violated even if the targeted minor is not a real person, as long as the defendant demonstrates that he is, or is attempting to, persuade, induce, entice, or coerce the minor to engage in sexual activity. -see- [ United States v. Hughes, 632 F.3d 956, 961 ( 6th Cir. 2013 ), -quoted by [ United States v. Roman, 795 F.3d 511, 516 (6th Cir. 2015)-].

Accordingly it is the essence of the crime is the defendant's communication or attempted communication with a minor child with the intent to transform the minor into a sex victim, -see- [ Hughes 632 F.3d at 961 )-]. And that he took a substantual step toward comitting that crime. -see- [ United States v. Evans, 699 F.3d 858, 867 (6th Cir. 2012)-]. ( "such as purchase candy, flowers, rooms, etc. ")

Supplemental Memorandum            Page 5

(A-4)

       And that the final element was to be, that if the sexual activity had occured then the defendant could be charged ( in that state ), under states law. -see- [ United States v. Roman, 795 F.3d 511, 515-16 (6th Cir. 2015)-].

       And in the State Of Texas, the [states] age of consent, is defined as ( in effect at the time the alledged offese occured ), and the conviction would have been obtained, -see- [ United States, v. Rodriguez, 711 F.3d 541, 548 ( Fifth and Eleventh Cir. 2013)-], and in the State of Texas, the age of consent is "17 Years", of age. -see- [ United States v. Elozando-Herandez, 755 F.3d 779, 781 (Fifth And Eleventh Cir. 2014)-]. -see also- (Tex.Penal Code 21.11).

Supplemental Memorandum                                Page 6

(A-5)

### C. Facts Of The Case

1. On August 19, 2015, the Appellant plead guilty to 18 USC § 2422 (b).

2. The Appellant, using a Open Plea, without any agreements or plea deals, therefore no plea agreements were created. Appellant only Plea Guilty to the formal elements but did not admit to the factual basis of the Plea

3. The Prosecutor, before the Court accepted the Plea Agreement, did not present a sufficient factual basis. -see- [ Fed. R. Crim P. Rule 11 (a)(1)-].

4. As required to be an Element, the Prosecutor did not show, that the Appellant did any communication concerning a substantial offence, with the alleged victim, to create the steps towards that offence.

5. The Prosecutor, further did not show what crime the communication would have created a crime in Texas, as the age of Texas, as because the alleged victim age of consent was 17 years old at the time of the alleged communications, -see- [ United States v. Rodriguez, 711 F.3d 541, 548 ( Fifth and Eleventh Cir. 2013)-].- and see- [ United States v. Elonzando-Herandez, 755 F.3d 779, 781 ( Fifth and Eleventh Cir. 2014)-] ("Quoting Texas Penal Code 21.11").

### D. Argument

Under Rule 11 (a)(1), of the Federal Rules Of Criminal Procedure, the Defendant may plead Guilty, or Not Guilty. - see- [ United States v. Louchurt, 680 F.3d 635, 637 (6th Cir. 2012)-].

The Appellant did just that on the 19th date of August 2015. and within the Open Plead and at issue in this Count, is the Plea to 18 USC § 2422.

Supplemental Memorandum                                Page 8

(A-7)

      To be guilty of a violation of 18 USC § 2422(b), a defendant must, ( or attempt to ), persuade, induce, entice, or coerce, any individual who has not attained 18 years of age, even if the minor under the age of 18 is not a real person. As long as the defendant demonstrates that he did or attempted to engage in the sexual activity. -see- [ United States v. Huges, 632 F.3d 956, 961 (6th Cir. 2013)- quoted by - [ United States v. Roman, 795 F.3d 511, 516 (6th Cir. 2015)- ].

      It is the essence of the crime that the defendant [a]ttempted or [a]ctually communicated with a minor child with the intent to transform that minor into a sex victim. -see- [ Hughes 632 F.3d at 961 )-], *and* took that substantial step towards committing that crime. -see- [ United States v. Evans, 699 F.3d 858, 867 (6th Cir. 2012)-] ("Such as the purchase of candy, or flowers, or motel rooms, etc.).

      The Constitution required that a Defendan't plea be knowingly, and intelligently made. -see- [ Williams v. Wolfenbarger, 513 Fed. Appx. 466 (6th Cir. 2013)-].

Supplemental Memorandum                          Page 9

(A-8)

(" A Guilty Plea may be set aside as involuntary, if a defendant was unaware of the charges, the violations they were subjected to, or the elements of the offence).

Because the Petitioner as claimed, only plead to only the substantive criminal offence, not the factual basis of the crime, that was required by the United States to prove. -see- [ United States v. Golburg, 862 F.2d 101, 107 (6th Cir. 1988)- ].-quoting- [ Libretti v. United States, 516 US. 29, 38; 133 L.Ed2d 271; 116 S.Ct. 356 (1995)-].

But there was no factual basis, other than the reading of the substantial offense. The United States did not prove that when or how that the Petitioner, and did not prove either attempt or otherwise, that the minor was even transported for any sex, and that the Petitioner, ever engaged in any form of offence that would have even been illegal under the Laws of Texas.

Supplemental Memorandum                              Page 10

(A-9)

    And because the United States did not produce in the Plea Agreement any information that explained the elements, and how it occurred, specifically how or what substantial steps were made, because there was none.

    And Counsel, appointed, should have known this, but because of the error, had it not been for the error the cause, the Petitioner would not have plead guilty to the issue, and would have asked for trial to prove the charges, but as it was the United States, has not proven, at the Plea. Counsel did not object, and Petitioner was not law studied in this issue, Counsel although was good in his representation, failed to identify this issue, and agrees, that he was at that time ineffective in his assistance, because of this mistake in not "Objecting to this issue".

### E. Conclusion

    That because of the above and foregoing, Petitioners issues were not proven, which according to circuit precedent requires more than the substantial plea, and since there was not a plea agreement,

Supplemental Memorandum    Page 11

(A-10)

the factual basis did not read the elements of how the issue is a § 2422.

    And because of the above and foregoing reasons, move this Court for a evidence hearing to expand the record to reflect the error, and remand for a correct plea, consistent to the Circuit Precedent, and Rule 11 of the Fed. R. Crim P.