Supplemental Memorandum                     Page  12

(B-1)


Issue Two


WHETHER OR NOT  THE DISTRICT  ERRED WHEN
IT   SENTENCED   THE   DEFENDANT   USING
INCORRECT  SENTENCING GUIDELINES MANUAL,
AND INCORRECT GUIDELINES RANGE

---

A. Summary Of Arguement

---


The Arguement is designed as a Pro - Se, Petitioners,
attempt to show the District Court did not correctly sentence
the Petitioner to the Correct Sentence, First because they
used the incorrect Sentencing Guidelines, and the Because the
incorrect Sentencing Guidelines Table / Level.Thus causing an
incorrect sentencing starting point on the Guidelines.


There are two claims contained in this element, (1)
Multiple Punishments, and (2) Enhancements, and (3) the
Wharton's Rule. All directed to the Multiple Sentencing
Issues, that caused the incorrect sentencing.

Supplemental Memorandum                    Page 13

(B-2)


      Mainly meaning or trying to mean that the Sentence was
to much time, that the Wharton's makes the conspiracy, the
common denominator, was the Phone, which because Purpose, must
be proven, in the length of time span, they only common thread
is the device, which the common purpose, or intent was to
employ a Library ( or collection ), of women on the phone, and
since there is no transition or share allegations, it was for
his self. again the common issue.


      Petitioner was as described below, Multiplely punished
for the, common plan, the creation of the collection of photos
of the young women.


      Then there was the incorrect enhancements using the
elements that were, not agreed to in the Open Plea, and were
not presented for hearing nor at trial, thus are illegal to be
considered. See as follows.

Supplemental Memorandum                    Page  14

(B-3)


### B. Standard For Review

---------------------------------


Under Rule 11(a)(1), of the Federal Rules of Criminal
Procedure, a Defendant may plea guilty or not guilty, -see- [
United States v. Louchart, 680 F.3d 635, 637 (6th Cir. 2012)-
]. And the Guilty plea constitutes admission of all formal
elements necessary to sustain a conviction, but does not admit
all of the facts alleged.


The Sixth Amendment provides that "In all Criminal
Prosecutions, the accused shall enjoy the right to a speedy
and public trial, by an impartial jury ... "This right is in
conjunction with the Due Process Clause, requires that each
element of a crime be provided to a jury beyond a reasonable
doubt. -see- [ Alleyene v. United States, 570 U.S. __; 133 S.
Ct. 2151; 186 L.Ed2d 314 (2013)-] -see also- [ Apprendi v. New
Jersey, 530 US. 466, 494 / 120 S.Ct. 2348 / 147 L.Ed2d 435
(2000)-]. the Court held that ( " any fact that exposes the
defendant to a greater punishment then that authorized by the
rule to instances involving [ plea bargains ], -see- [ Blakely
v. Washington, 542 US. 296,; 125 S.Ct. 738; 160 L.Ed2d 621
(2005)-], and ( " Sentencing Guidelines" ), -see also- [
United States V. Booker, 543 US. 220; 125 S.Ct. 738; 160
L.Ed2d 621 (2005)-].

Supplemental Memorandum                    Page 15

(B-4)


using "facts that are used ' within limits fixed by law', -
see- [ Williams v. New York, 337 US. 241, 246; 69 S.Ct. 1079;
93 L.Ed2d 1337 (1949)-].


            Contrary to the belief of the United States, the '
sentencing factors ', -see- [ Jones v. United States, 526 US
227, 243, n.6 / 119 S.Ct. 1215; 143 L.Ed2d 311 (1999), the
Supreme Court identified concrete limit on the types of facts
the legislature may designate as "sentencing Factors".
Explaining that in [ ' Apprendi ' ], the defendant was
sentenced to 12 years imprisonment under the New Jersey
statue, that increased the months of imprisonment, of 10 years
to 20 years if the trial judge found the defendant committed
his crime with racial basis, -see- [ Apprendi {supra} 530 US.
at 470 (2000)-].


            In Apprendi [ at that time ], the Supreme Court
declined to extend the Sentencing Factors. The Historic Link
between Crime and Punishment, instead led the Supreme Court to
conclude that any fact that increased the prescribed statutory
maximum sentence must be a "element" of a crime, and presented
to a  Jury. -see also-[ Alleyne (supra) 570 US. __; 186 L.Ed2d
at 323 (2013)-].

Supplemental Memorandum                    Page 16

(B-5)


   While [ Apprendi ] only concerned a Judge fact finding
that increased the statutory maximum, the logic of Apprendi
prompted the question about the continued vitality, if not the
validity of the former [ McMillians ], holding, that facts
found to increase the mandatory minimum are not elements of
the crime.


   But two years later the Supreme Court responded, in [
Harris v. United States, 536 US 545 ; 112 S.Ct. 2406 ; 153
L.Ed2d 524 (2002)-]. Harris explained that, 'He was charged
with 924 (c)(1)(A), with carry a firearm in the course of
committing a drug traffic crime. The Mandatory minimum
sentence [b]ased on the jury verdict alone was five years, but
the District Court imposed a 7 year Mandatory minimum sentence
based on its findings, by a preponderance of evidence, that
the defendant also banished a firearm. As in [the] case [of] [
Harris ], he challenged the sentence o the grounds of the 7
year mandatory minimum sentence, was unconstitutional under [
Apprendi ], eventhough the Judges findings did not alter the
Maximum Sentence when he was exposed, -see- [ Harris {Supra}
US. at 551 (2002).-].

Supplemental Memorandum

Page 17

(B-6)

     In [ Harris ], at a bench trial the Court found that in the Middle District of North Carolina , he was guilty as charged. Following the conviction and at sentencing, the PSI recommended he recieve the 7 year minimum, because he had brandished the firearm. Petitioner objected, citing [ Jones ], and arguing that, as a matter of a statutory interpretation, brandishing is a element of a crime, and a separate offence, to which he was not charged with a crime. -see- [ Harris { supra } 536 US. at 551 (2002)-]. And the District Court overruled the objection.

     The Petitioner appealed the conviction, and the Court of the Appeals of the Fourth Circuit. Rules that his statutory argument that banishing was a sentencing factor, but back then was 'Trumped', by [ McMillian {supra}, the Supreme Court of the United States following the Affirm, of the Courts opinion, accepted the certiorari, and declined at that time to extend the [ Apprendi ] doctrine, to the statutory elements , -see- [ Harris {supa} 536 US. at 552 (2002)-].

Supplemental Memorandum                    Page  18

(B-7)

        Then following in 2013, the Supreme Court determined

that the [ Harris court ], was wrong, and then ' Reversed ',

the precedent, -see- [ Alleyne { supra }, __ US. __; 186

L.ed2d 314, 324 (2013)-].


        The [ Alleyne ], Court explained that those who would

read it, that [in] determining whether a fact must be found by

a Jury beyond a reasonable doubt is Whether or not that fact

constitutes an "element" or an "ingredient", of the [c]harged

[o]ffence. -see- [ United States v. O'Brien, 560 US. 218; 176

L.Ed2d 979; 130 S. Ct. 2169 (2010)-]. (" Holding where 18 USC.

§ 924 (c)(1)(A)'s prohibition of the use of a firearm in

relation to a violent or drug trafficking crime ... requires

30 years minimum [s]entence [f]act ... the allegation of a

machine gun held to be a element of the offence, not a

sentencing factor.


        But the Supreme Court in its decision, and its

extensive and exhaustive pages of reasonable balancing of

justice, the Supreme Court, decided to rule that "the facts

that increase the [p]rescribed [r]ange of [p]penalty to which

a criminal defendant is exposed "are elements of the crime",

Supplemental Memorandum                     Page 19

(B-8)


-see- [ Alleyne { supra } __ US. __; 186 L.Ed2d  at 326
(2013)-].


        Which clearly explains that, (" Facts that expose a
defendant to a punishment greater than otherwise legally
prescribed were by definition ' elements ', of a separate
legal offence", and the Sixth amendment provides the defendant
with the right to have a jury fins those facts beyond a
reasonable doubt. -see- [ Apprendi { supra }, 530 US. at 484
(2000)-] - and see- [ Alleyne { supra } 186 L.Ed2d at 326
(2013)-].


        As clearly explained, that a fact triggering a
mandatory minimum alters the prescribed range of the sentence
to which the defendant is exposed. -And- because the legally
prescribed range is the penalty affixed to a crime .. it
follows that [a] [f]act increasing either [e]nd of [t]he
[r]ange produces a new penalty, and constitutes an ingredient
of the offence, compare [ Apprendi { suprs }, to ] -  - [
Alleyne ].

Supplemental Memorandum                         Page 2⁰

(B-9)

  {If] a "statue prescribes a particular punishment to be inflicted on those who comitt it under special circumstances it [m]ust [b]e [s]pecified in the [i]ndictment. It is impossible to disassociate the floor of a sentence range from a penalty afflicted in a crime. Indeed criminal statues have long specified both the floor and the ceiling of the sentencing ranges, which is evidenced that both define the penalty.

  And elevating the low end of the [s]sentencing [r]ange hightens the loss of the Liberty associated with the crime:, the defendants "expected punishment has increased as a result of the "narrow range" and " the prosecutor is empowered, by invoking the maximum number and the minimum number, to require a judge to impose a higher punishment than they might wish.

  this really demonstrated the core crime and the facts triggering the mandatory minimum sentence together constitutes a newly aggervated crime in each element of which must be proven and subjected to the Jury.

Supplemental Memorandum        Page 21

(B-10)

      The Supreme Court further explains "for example", that a defendant could not be convicted and sentenced for assault, if the Jury only finds facts of larceny, [e]ven if the punishments prescribed for each offence are identical. One reason is that each crime has different elements and a defendant cane be convicted only if the Jury has found each element.

      Similarly, because the facts of banishing a firearm aggervates the [l]egally [p]rescribed [r]ange of allowable sentence constitutes an element of a separate, aggervated offence that must be found by a jury, regardless of what sentence the defendant might receive if the defendant might have been more appealable.

      Indeed if a judge were to find a fact that increased the statutory maximum sentence, such a finding would violate the sixth amendment, [e]ven if the defendant ultimately received a sentence falling in the original sentencing range. (range without the appealable aggervating factors.).

Supplemental Memorandum                    Page 22

(B-11)


     After explaining the essential point again, is the
aggervating fact produced a higher range, when in turn
conclusively indicates that the facts is an element of a
distinct and aggervating crime, it must be and is therefore be
submitted to the jury and found beyond a reasonable doubt. -
see-  Alleyne (supra) 570 US. __; 186 L.Ed2d at 323, 328 to
331 (2013)-]. But no matter what the guidelines provide.


     "The Judge cannot sentence an offender to a sentence
beyond the maximum contained in the Federal Statue setting
forth a crime of conviction. ... Similarly, and ordinarily no
matter what range the Guidelines set forth, a sentence judge
must sentence an offender to at least the minimum prison
sentence and at least the minimum the statutory prescribed, -
see- [ Dorsey v. United States, 567 US. 260; 183 L.Ed2d at 261
{6}-].

Supplemental Memorandum                    Page 23

(B-12)


## C. Facts Of The Case

---

    1. On August 19, 2015, the Petitioner Plead Guilty, to 16 Counts of 18 U.S.C. § 2251 (a). "Production Of Child Pornography".


    2. The Petitioner, using a Open Plea, without any agreements, or any plea deals, meaning there was no plea agreements made, Petitioner only Plead Guilty to the former elements but did not admits to any factual basis of the plea..


    3. The District Court at sentencing, sentenced the Petitioner, using sentencing factors, that were not plead to - see- [ United States v. Palamino - Coronado, 805 F.3d 127 (4th Cir. 2015)-]. "The Purpose Of". -see- also [ Simmons v. United States, 2017 US. Dist. LEXIS 59541 (E.D. N.C. 2017)-]; [ United States v. Battle, 2017 US. App. LEXIS 10210 (4th Cir. 2017)-]; -see also- [ United States v. Smith, 622 Fed. Appx. 132, 135 (2016)-]. ("Government was required to prove that that production of a visual deplicion was a purpose of engaging in the sexually explicit conduct.).

Supplemental Memorandum                    Page 24

(B-13)


        4. At sentencing, the District Court following a
objections, included enhancements as follows;


        USSG      2G2.1(b)(2)(A) Commission Of A Sexual Act;
                  2G2.1(b)(4)    Sadistic / Masochistic

Conduct;

                  2G2.1(b)(6)(B)  Use Of Computer
                  2G2.1(b)(1)(b)  Attained 12 not 16
                  2G2.1(b)(3)     Involved Distribution
                  2G2.2(b)(3)(B)  Distribution For Things Of

Value

                  2G2.2(b)(4)     Sadistic / Masochistic

Conduct;

        Ct.17 & 18
                  2G2.2(b)(4)      Use Of Computer
                  2G2.2(b)(7)(D)   Over 600 Images
                  4B1.5(b)(1)      Pattern Of Sexual Conduct


        5. The indictment charged, that the 'Nexis", of the
counts, formed the connection of the charges, because all of
the images, claimed were collected on his smart phone. rather
than a computer.

Supplemental Memorandum                    Page 25

(B-14)


6. That at sentencing, the District Court in deciding the Guidelines, used the enhancements that were not plead to, to increase the start of the calculation of the Sentencing level.


7. The Supreme Court, decided that "any fact that increased the prescribed statutory maximum sentence must be a element, of a crime", -see- [ Alleyne ( supra ) 570 US. __; 186 L.Ed2d at 323, 326 (2013)-]. ("a fact the increases the prescribed range of penalty to which a criminal defendant is exposed, "are elements of a crime").


8. The Photos, that were stored on the phone, were, the same thus was one crime for the purpose, -see- [ United States v. Ehle, 640 F.3d 689 (6th Cir. 2010)-].


9. The base level for a 2251(a), is as pleas to level 32. (121 to 151 months). Which is the base he plead guilty to, no other claims were made.

Supplemental Memorandum                    Page 2 6

(B-15)


                        D. Arguements

                   _____


1. Multiple Punishments;

_____


        That the United States, at sentencing, sentenced the
Petitioner to multiple images, that were stored on the same
device. Although of Multiple Young Women, it was on a single
divice, that the Purose,of the divice, was to store a
'collection', of the images. -see- [ United States v. Palamino
- Coronado, 805 F.3d 127 (4th Cir. 2015)-]. "The Purpose Of".
-see- also [ Simmons v. United States, 2017 US. Dist. LEXIS
59541 (E.D. N.C. 2017)-]; [ United States v. Battle, 2017 US.
App. LEXIS 10210 (4th Cir. 2017)-]; -see also- [ United States
v. Smith, 622 Fed. Appx. 132, 135 (2016)-]. ("Government was
required to prove that that production of a visual deplicion
was a purpose of engaging in the sexually explicit conduct.).

Supplemental Memorandum                    Page 27

(B-16)


  That there can be no multiple punishments, as the
images were on the same device, and multiple images, stored
for the purpose, of containing visual deplictions for a
private collection, in and of it's self is a single charge. -
see- [ United States v. Ehle, 640 F.3d 689 (6th Cir. 2000)-].


  Petitioner should have been sentenced to a single
sentence of the 2251(a). The Supreme Court, decided that "any
fact that increased the prescribed statutory maximum sentence
must be a element, of a crime", -see- [ Alleyne ( supra ) 570
US. __; 186 L.Ed2d at 323, 326 (2013)-]. ("a fact the
increases the prescribed range of penalty to which a criminal
defendant is exposed, "are elements of a crime").


  The Petitioner pursuant to the Plain reading of the
case, the United States was required to place the proper
level, but did not, it was a incorrect calculation of the
guidelines level. -see- [ Molina - Martinez v. United States,
578 US. __; 136. S.Ct. 1338; 194 L.Ed2d 444 (2016)-].

Supplemental Memorandum                    Page  23

(B-17)


2. Enhancements

─────────────────

        Pursuant to -see- [ Molina - Martinez v. United
States, 578 US. __; 136. S.Ct. 1338; 194 L.Ed2d 444 (2016)-].
That the District Court used the incorrect application of the
Sentencing Guidelines, the "wrong" level, because the use of
incorrect enhancements, used to sentence the Petitioner, the
enhancements that were used;

            USSG     2G2.1(b)(2)(A) Commission Of A Sexual Act;
                     2G2.1(b)(4)    Sadistic / Masochistic

Conduct;

                     2G2.1(b)(6)(B) Use Of Computer
                     2G2.1(b)(1)(b) Attained 12 not 16
                     2G2.1(b)(3)    Involved Distribution
                     2G2.2(b)(3)(B) Distribution For Things Of

Value

                     2G2.2(b)(4)    Sadistic / Masochistic

Conduct;

          Ct.17 & 18
                     2G2.2(b)(4)    Use Of Computer
                     2G2.2(b)(7)(D) Over 600 Images
                     4B1.5(b)(1)    Pattern Of Sexual Conduct

Supplemental Memorandum                     Page 29

(B-18)


None of the enhancements were not, plead guilty to and should not have been added to, -see- The Supreme Court, decided that "any fact that increased the prescribed statutory maximum sentence must be a element, of a crime", -see- [ Alleyne ( supra ) 570 US. __; 186 L.Ed2d at 323, 326 (2013)-]. ("a fact the increases the prescribed range of penalty to which a criminal defendant is exposed, "are elements of a crime").


None of the elements were plead to, and the enhancements that were applied, were incorrect, and needs to be corrected.


3. Whartons Rule

_____


To qualify as a continuing offence, based on the explicit language of the statue, the statue must say that the offence, is continuing offence, or indicate it in the statue, -see- [ United States v. Hodge, 805 F.3d 675, 682 - 83 (6th Cir. 2015)-]. And in this circuit, the a continued uninterrupted possession of contraband may be subject to only one charge, -see- [ United States v. Jones, 533 F.2d 1387, 1390 (6th Cir. 1975)-].

Supplemental Memorandum                    Page 30

(B-19)


        To Qualify as a continuing offence based on the
explicit language of the statue, the statue must say that the
offence is a " Continuing " Offense, or indicate whether the
statue is of same cause, or [p]urpose, or plan. -see- [ United
States v. Hodge, 805 F.3d 675, 682-83 (6th Cir. 2015)-].
Because congress decided to punish a "course of conduct", i.e.
the purpose of creating the visual depiction, and the common
issue in the creations of the images, was the phone, and no
other device, the [p]hone held the [c]collection of Teen Aged
[W]omen for the [p]urpose of the [c]ollection on the phone.


        Meaning that the government cannot split up the
conspiracy, into different increments and prosecute all of
them, and however that prosecution of any part bars the future
prosecution based upon the same crime, -see- [ United States
v. Gilbert, 31 F. Supp. 195. 200-01 (E.D. Ky.)-] -and see- [
In Re Snow 120 US. 274, 7 S.Ct. 30 ; 30 LED 658 (1887)-].

Supplemental Memorandum

(B-20)

Page 31

E. Conclusion

_____

Because the Sentencing was based on Multiple
Punishments, for a Single "Purpose", of collection of material
for a phone library", and because the Purpose was the same..
Then the 19 charges is Multiplicious, and it is is the same
2251(a), with the same purpose. Then the calculation of the
sentence was incorrect. And;

Because the Sentence was incorrect, because the Court
sentenced the Petitioner using Enhancements that were [n]ot
plead to, and the Supreme Court in plain language in [ Alleyne
(supra)] specifically made that clear, that the Elements that
increase the floor (regardless what the floor is called), to
establish a higher sentence then the statue prescribed, then
the issue is a Violation , for incorrect sentencing
calculation.

And because the Sentence violates the Wharton's Rule,
that the issue is a conspiracy, and can only be one charge,
regardless what the statue, that is the Purpose to create a
visual depiction, a clear 6th Amendment Violation.

Supplemental Memorandum                    Page 33

(B-22)

## SUMMARY CONCLUSION

---

Because of the above and foregoing reasons move this Court, for a evidence hearing and upon finding the evidence, and any other relief that this Court deems just.

Entered this 28 date of July 2017

Respectfully submitted

Mr. Patrick Newman

Fed. No. 15960-013

P.O. Box 24550

United States Penitentiary

Tucson, Az 85734·45 50

Supplemental Memorandum                                    Page 34
(Certificate Of Service)

## CERTIFICATE OF SERVICE

I, Patrick Newman, hereby state that the above and
foregoing was placed in the United States Postal Service Postage
prepaid, on this [28] date of [ July        ], 2017. By placeing
the article to be mailed in the hands of a Federal Prison
Employee, who processed the mail, by X- Ray, and other security
features, then applied Indigent postage, then delivered the
article to be mailed to the U.S. Postal Service, with a copy
being  generated to the following;

The United States Attorney Office, Western District Of Kentucky,
601 West Broadway, Off. Attorney General. Louisville,, Ky,
40202.


Respectfully Mailed by; 28 USC §1746

Patrick Newman

Fed. No.    15960-033

MR. PATRICK NEWMAN
Federal Number  15960-033
P.O. BOX 24550
UNITED STATES PENITENTIARY
TUCSON, ARIZONA 85734-4550







$4.70

POSTAGE DUE

⇔15960-033⇔
U S District Court
Dist. of KY
601 W Broadway
Clerk of the Court
Louisville, KY 40202-2238
United States

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Office Of The Clerk Of The Court
601 WEST BROADWAY, SUITE 106
LOUISVILLE, Ky, 40202 - 2238