UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                        CRIMINAL ACTION NO. 3:15CR-83-DJH

PATRICK NEWMAN                                                        DEFENDANT

### RESPONSE TO MOTION UNDER 28 U.S.C. § 2255
*ELECTRONICALLY FILED*

Comes the United States of America, through counsel, Assistant United States Attorney Jo E. Lawless, and files its response to Newman's § 2255 motion. Newman's motion is procedurally barred because he failed to raise his claims in a direct appeal. And even if not deemed waived, Newman's claims lack merit. This Court should deny his motion.

### BACKGROUND

Newman was a teacher and assistant football coach at Trinity High School in Louisville and previously worked as a teacher at two Louisville elementary schools. As this Court is well aware, Newman committed multiple child exploitation and pornography offenses. When confronted with the overwhelming evidence against him, Newman pleaded guilty, without a Plea Agreement, to a felony Information charging 19 Counts, including offenses of online enticement, production of child pornography (16 victims), transportation/distribution of child pornography, and possession of child pornography--violations of 18 U.S.C. §§ 2251(a), 2251(e), 2422(b), 2252A(a)(1), 2252A(a)(5)(B), 2252A(b)(1) and 2252A(b)(2). (R. 36 Judgment). In addition to the facts outlined in the Presentence Report, a detailed description about Newman's criminal conduct is in the United States' Sentencing Memorandum. (R. 26 Presentence Report; R. 29 Sentencing Memorandum).

The statutory maximum penalty Newman faced was life, and the Sentencing Guidelines likewise called for a life sentence. (R. 26 Presentence Report; R. 39 TR Sentencing at #560, 678; R. 54 TR Change of Plea Hrg. at #802-04). The United States urged a sentence of 120 years (1,440

months) imprisonment. (R. 29 Sentencing Memorandum). This Court sentenced Newman to a total of 42 years (504 months). (R. 36 Judgment). Newman was represented by retained counsel who is experienced and well-regarded, and Newman was fully advised of his right to appeal. (R. 39 TR Sentencing at #675, 679). Newman did not appeal.

Newman has now filed a timely § 2255 motion alleging two grounds relating to his conviction (on Count 2) and his sentence. (Newman filed an initial § 2255 motion that raised four grounds for relief (R. 42 Motion), but in his Amended Motion (R. 49), he withdrew/failed to raise two of his grounds.)

His first claim attacks the sufficiency of the factual basis for his guilty plea to Count 2--which was a violation of 18 U.S.C. § 2422(b) (using a means of interstate commerce to persuade, induce, and entice a minor to engage in sexual activity for which a person may be charged with a criminal offense). (R. 49 Motion at #749, R. 49-2 Memorandum at #760-69). Newman's second claim is that the Court used an incorrect Guidelines Manual and guidelines range when sentencing him. (R. 49 Amended Motion at #750; R. 49-3 Memorandum at #770-90).

ARGUMENT

To prevail under a § 2255 motion, a petitioner must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir. 1993). In other words, the record must reflect an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Fair v. United States, 157 F.3d 427, 430 (6th Cir. 1998). Newman does not allege or show such a constitutional error. Without even getting to the merits, however, this Court should deny Newman's claims because he has waived them.

As stated, Newman did not appeal. Accordingly, he has defaulted on his claims unless he can show cause for his default (in not appealing his issues) and prejudice resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003) ("Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process."); Murr v. United States, 200 F.3d 895, 900 (6th Cir. 2000) ("It is well settled law that failure to raise an argument at trial or on direct appeal is waived on collateral review under § 2255, absent a showing of both cause and actual prejudice."). Newman fails to show cause for his default in not raising his issues in a direct appeal. He has, therefore, defaulted on his claims and cannot proceed here.

No "Cause" Shown

Newman does not specifically address the Frady requirements. As will be discussed, when Newman answered the questions on the § 2255 motion form, he offered varying and inconsistent statements about appeals. Even construing his pro se pleading liberally, Newman does not meet the "cause" requirement of Frady.

Assuming arguendo that Newman is trying to argue ineffective assistance of counsel as the cause for his failure to file a direct appeal, he still misses the mark. A lawyer's failure to file an appeal when directed to do so by his client can satisfy the Frady requirement of cause for default of an issue. See Roe v. Flores Ortega, 528 U.S. 470, 477 (2000) (an attorney who fails to file an appeal on behalf of a client who specifically requests one acts in a per se professionally unreasonable manner). Further, in such situations, prejudice is presumed without the defendant showing a likelihood of success on appeal. Id. at 483. But in addition to not alleging ineffective assistance of counsel as a substantive ground for relief, Newman has never alleged that he told his lawyer to appeal and that his lawyer disregarded that directive.

In his initial § 2255 motion, in the section addressing Ground One (about the factual basis for his plea), Newman says no appeal was filed as to this claim because "as the error was due to ineffective assistance of Counsels, presentment, as there was confusion as to what the violation was, had counsel knew he would not have plead (sic)." (R. 42 Motion at #689). But in his Amended Motion, the one that governs here, in that same section, Newman says that not filing an appeal of the issue "was not due to ineffective assistance of counsel." (R. 49 Amended Motion at #749) (emphasis added).[1]

In answering the form question about whether he had appealed the denial of a previous post-conviction petition specifically raising Ground One, Newman said, "Appeal was believed to have been filed on issues before the Court, counsel was ineffective in his assistance in communicating desire for appeal on this issue." (R. 42 Motion at #690). Because there has been no previous petitions, and therefore no appeals from them, Newman's answer is confusing at best.

Then, in answering why Ground Two was not raised in a direct appeal, Newman said, "Issue developed after the time for Sentencing was no longer available, it is believed that the issue if made available at the time of sentencing would have been different." (R. 42 Motion at #690). In his Amended Motion, in answer to why Ground Two was not raised in a direct appeal, Newman simply

---

[1] In response to the form question about why he did not appeal any previous motions, petitions, or applications, Newman answered that he "[d]id not know that a Appeal was available (sic)." (R. 42 Motion at #688). But Newman has not filed any previous habeas motions, petitions, or applications. So, there were none to appeal. If Newman thought the question related to why he had not directly appealed his conviction and sentence, then his answer still makes no sense because this Court clearly advised Newman of his right to appeal at the sentencing hearing. (R. 39 TR Sentencing at #679). His answer to the same question (about appeal of any previous motions) in his Amended § 2255 motion, changed. There, although the answer still doesn't apply since there was no previous motion, Newman said no appeal was filed because "Counsel was not aware of the issue, and the issue was new per the Supreme Court's ruling, Ineffective Assistance is not yet determined, however if it was not for the error, and had the Defendant known of the error, he would not have plead (sic)." (R. 49 Motion at #749).

answered, "NON[E]." (R. 49 Amended Motion at #751).

In the absence of a clear statement that he told his lawyer to directly appeal his conviction and sentence, and that his lawyer did not comply, Newman has not shown ineffective assistance of counsel and, therefore, has not met the Frady cause requirement. This is especially true given his express statement, in response to whether he had appealed the issue in Ground One, that not filing an appeal "was **not** due to ineffective assistance of counsel." (R. 49 Amended Motion at #749). Newman has, accordingly, waived further review of his claims.

Should the Court disagree and find that Newman has alleged ineffective assistance of counsel sufficiently enough to warrant further review of whether this is the "cause" for Newman's default, and because actual prejudice is presumed in cases where an attorney has disregarded a defendant's directive to file an appeal, then additional evidence is required. **If** the Court finds that Newman's allegation is that his lawyer did not appeal despite being directed to (although, as stated, that is not what Newman has claimed), then the Court should hear from Newman's attorney as to what direction Newman gave his lawyer regarding an appeal. The additional evidence can be provided to the Court either through an evidentiary hearing or by Newman's attorney supplementing the record with an affidavit. Then, if the Court were to find counsel was ineffective for failing to appeal, the remedy is for Newman to get an appeal--not to have his conviction or sentence set aside in this § 2255 proceeding. See Campbell v. United States, 686 F.3d 353, 360 (6th Cir. 2012) ("an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal").

"ACTUAL PREJUDICE"

To overcome his procedural default in not raising his issues on direct appeal, Newman must show both cause and prejudice. See Frady, 456 U.S. at 170 (once "cause" for the procedural default is

demonstrated, the petitioner must still show that he was actually "prejudiced" by the claimed constitutional error). So, if Newman has not shown cause, the analysis could end here.

For the record, however, and assuming Newman has <u>not</u> alleged a sufficient claim of ineffective assistance of counsel to meet the <u>Frady</u> cause requirement (and thus prejudice is not presumed), the United States will briefly address how Newman has likewise failed to show actual prejudice from the errors he alleges.

GROUND ONE

In Ground One, Newman attacks the sufficiency of the factual basis for his guilty plea to Count 2--a violation of 18 U.S.C. § 2422(b) (using a means of interstate commerce to persuade, induce, and entice a minor to engage in sexual activity for which a person may be charged with a criminal offense). (R. 49 Motion at #749, R. 49-2 Memorandum at #760-69). Newman says he agreed to plead guilty but that he "did not admit to the factual basis of the Plea." (R. 49-2 Memorandum at #764). As will be discussed, that is not true. Newman did agree to the factual basis that the prosecutor provided to the Court. (R. 54 TR Change of Plea at #823). Yet, Newman now argues that the factual basis did not establish all of the elements of the offense. (<u>Id.</u> at 760-69). Newman's claim fails for several reasons.

First, the prosecutor presented, and the Court properly found, a sufficient factual basis for Newman's plea to Count 2. Count 2 involved John Doe 1, a then-13-year-old middle school boy in Texas who exchanged nude/sexually explicit photographs of himself with Newman using KIK[2] messenger. John Doe 1 had told Newman his age, his KIK username and password. Several KIK chats between John Doe 1 and Newman were on John Doe 1's IPhone. The chats were sexually explicit in nature and contained thumbnail photograph stills of either videos or photographs that John

---

[2] KIK messenger is an instant messaging application for mobile devices. It is an "app" available free of charge. Users can communicate in text messaging, and include videos as well as pictures.

Doe 1 and Newman had exchanged with each other.  One conversation, on March 9, 2015, included the following messages from Newman to John Doe 1 via KIK:

> "Make me a long sexy video. Think you could do it on the app not on here?"
> "I just want to see as much of you as possible"
> "I need that right pink hole bouncing on my hard cock"
> "Can you use that plunger? Maybe set up the camera on the counter and use it?"

A few minutes later, a thumbnail photograph depicting a yellow rod inserted into an anus is sent by John Doe 1 to Newman.  In response, Newman wrote - "I need to see you cum."

> At Newman's guilty plea hearing, the prosecutor outlined Count 2 as follows:
>
> MS. LAWLESS: Count 2 is an online enticement charge, Your Honor. That charge has to do with the same minor and during the same time period as that's set out in Count 1 [John Doe 1], but it's a little bit of a different charge, using a facility or means of interstate commerce to persuade, induce, entice an individual who hadn't reached the age of 18 to engage in sexual activity for which a person can be charged with a criminal offense.
>
> Count 2 has a mandatory minimum term of imprisonment of not less than 10 years, a maximum term of imprisonment of life, $250,000 fine, or both, and not less than five years and not more than life term of supervised release.
>
> . . .
>
> THE COURT: We're now going to turn to the factual basis for your guilty plea, Mr. Newman. Let me ask, Ms. Lawless, if you would, summarize for the court what the evidence would be on each of the 19 counts contained in the information.
>
> MS. LAWLESS: Yes, Your Honor. As I'm sure you're aware, this case started out with a criminal complaint that was filed. And the affidavit in that criminal complaint gives you a little bit of the background and what we would be prepared to prove to a jury if the matter went to trial.
>
> The investigation started out earlier actually late last year/early this year when the National Center For Missing and Exploited Children received a cyber tip from Twitter regarding the upload of child pornography images through Vine, which is an online video sharing website owned by Twitter. The same internet protocol or IP address was being used for those various uploads that had occurred in late December of 2014.
>
> Law enforcement officials began an investigation at that point and were able to identify the child who was depicted in those images, interviewed him and, through some additional investigation, were able to identify Mr. Newman as an adult who had been communicating with that child during the course of those uploads through Vine.

Law enforcement officials forwarded that information here to Louisville, where we asked for, obtained, and then executed a federal search warrant on Mr. Newman's home here in Louisville in early June.

Homeland security investigations within the Department of Homeland Security arrested Mr. Newman that day, which was on June 1st. That day they also talked to him. And during a recorded post-Miranda interview, he made some admissions to them in conjunction with that initial part of the investigation, including that he was sexually interested in boys ages 13 to 17. He admitted to communicating with minors through social media sites and applications, such as Kik, Vine, Snapchat, and Topix for approximately the last two years.

Forensic examinations were conducted on the digital media that was seized from Mr. Newman's house that day, including his telephone. I do think it's important for the court to know that all of the information and the evidences that was collected from that point forward came from his telephone or online applications that was seized that day with the search warrant.

Based on some of the representations that were made during the course of the communications of those online communications, law enforcement was able to determine that Mr. Newman had in fact been communicating with a significant number -- ultimately we figured out, based on a review of those communications or chats, through video and also typing that he had talked to 16 different minors in a variety of states. The children range in age from 12 to 17, and there were three from Kentucky, including at least one of whom Mr. Newman met in person, engaged in sexual activity with, and produced child pornography that he later shared.

There were three from Kentucky, as I mentioned before.  There were also, based on their communications, minors from Texas, Ohio, Indiana, Colorado, North Carolina, New York, Utah, Oregon, and the United Kingdom.

When they continued to look at the actual chats, as well as the images, videos, and still images that were being traded back and forth, an effort was undertaken at that point to try and begin to identify victims and send out leads to law enforcement.

As I mentioned just a moment ago, we knew about the child in Texas that started the entire investigation. And the charges that are set out in Counts 1 and 2 have to do with those initial charges that were brought for consideration before the magistrate judge for the search warrant and then the basis of the arrest that occurred in June. They have to do with the online communication with the child who was 13 and then turned 14-years-old.

During those communications, Mr. Newman asked for some very specific things, including sadistic images that involved -- and this was in the original complaint -- a plunger. Because of the very specific nature of those requests, that is the basis of Count 2, the enticement charge. He was giving very specific instructions. He also received other images and traded images with the child in Texas, and that's Count 1, the production charge there.

When we began to look then at the additional communications through the telephone and the

> online applications, we were able to identify, based on what they were saying to one another -- and you start to kind of see a pattern, Your Honor, and this is what we would show to the jury. Often it's an "ASL," a question, age, sex, location. The person would give their age, give their sex and say where they lived. The two would talk about a variety of things and then the exchange of materials and information and chats about -- that are sexual in nature would begin to take place.
> . . .

(R. 54 TR Change of Plea at #802-03, 815-18).

After the prosecutor gave the factual basis for all of the Counts in the Information, the Court asked Newman if he had heard everything the prosecutor said. (Id. at #823). Newman said, "Yes, sir, I did." (Id.). Then the Court asked Newman if he "agree[d] to the summary of the facts that the United States is prepared to present against you." (Id.). Newman answered, "Yes, sir." (Id.). The Court asked Newman if he did "all of the things that the prosecutor accuses you of doing?" (Id. at #824). Newman: "Yes, sir, it is." (Id.). The Court asked Newman if he is "guilty of all of the crimes charged in the information," and Newman said, "Yes, sir, I am." The Court then, appropriately, found "that there is a factual basis for the guilty plea." (Id.).

The second reason that Newman's Ground One claim fails is because § 2255 relief is not available for nonconstitutional claims like the ones Newman raises. Newman's challenge relates to compliance with Fed. R. Crim. P. 11 (b)(3) which provides: "<u>Determining the Factual Basis for a Plea</u>. Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." "The procedure for accepting guilty pleas under Fed. Rule Crim. P. 11 is not constitutionally mandated, but rather is designed to assist the trial judge in making the determination that the defendant's guilty plea is truly voluntary, and to produce a complete record of the factors relevant to this voluntariness determination." <u>United States v. Anderson</u>, 88 F.App'x 876, 878 (6th Cir. 2004) (citing <u>McCarthy v. United States</u>, 394 U.S. 459, 465 (1969)). And "nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to

something akin to a denial of due process." Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996). Newman's Rule 11 complaint cannot rise to this level.

Third, Newman does not even ask that his conviction be set aside. Instead, he asks for an evidentiary hearing to "expand the record to reflect the error, and [to] remand for a correct plea." (R. 49-2 Memorandum at #769). If Newman still wants to plead guilty (albeit with "a correct plea"), then the question is, what is the point of his motion? Regardless, as discussed, § 2255 relief is not available for this issue, and there is no error to correct anyway.

GROUND TWO

In Ground Two of his § 2255 motion, Newman says the Court used the incorrect Sentencing Guidelines Manual and an incorrect guidelines range when sentencing him. (R. 49 Amended Motion at #750; R. 49-3 Memorandum at #770-90). What he is really arguing, however, is difficult to ascertain. Newman's argument supporting his claim is nothing but a compilation of boilerplate language and nonsensical statements supposedly about "(1) Multiple Punishments, and (2) Enhancements, and (3) the Wharton's Rule." (R. 49-3 Memorandum at #770). Just one example of Newman's incoherent argument: "Mainly meaning or trying to mean that the Sentence was to much time, that the Wharton's makes the conspiracy, the common denominator, was the Phone, which because Purpose, must be proven, in the length of time span, they only common thread is the device, which the common purpose, or intent was to employ a Library (or collection), of women on the phone, and since there is no transition or share allegations, _it was for his self. again the common issue." (Id. at #771).

Regardless, "there is not even an arguable assertion of constitutional error," so § 2255 relief is not available to Newman. See Grant 72 F.3d at 506 (emphasis added). Moreover, even if Guidelines issues were cognizable under § 2255, Newman could show no error.

10

As his counsel said at the sentencing hearing, he and Newman had read and discussed the Presentence Report and had no objections. (R. 39 TR Sentencing at #559). When the Court said, "so there's no longer any need for any argument on objections either to the [Sentencing Guidelines] calculations or the factual findings," Newman's attorney said, "Correct, Your Honor." (Id.). The Court went on to summarize the guidelines calculations, and Newman's counsel again confirmed that the guidelines calculations were correct. (Id. at #560-61).

## CONCLUSION

This Court should deny Newman's § 2255 motion because he fails to show the requisite cause and prejudice necessary to raise issues for the first time in a collateral attack motion. If the Court disagrees and finds that Newman has sufficiently alleged ineffective assistance of counsel as his "cause" (alleged enough to warrant further review), despite Newman not even claiming that he told his attorney to appeal and that his attorney disregarded that directive, then additional evidence from Newman's attorney is needed. As stated, however, Newman has not adequately made that claim. And he has not alleged ineffective assistance of counsel as one of his substantive grounds for relief. Moreover, the grounds he does raise--a claim that there was an insufficient factual basis for Count 2 and an incoherent Sentencing Guidelines argument--are without merit, and regardless, are not cognizable under § 2255.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

/s/ *Jo E. Lawless*
Jo E. Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
Fax (502) 582-5097

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent by electronic means through the Court's ECF system on October 16, 2017, to defense counsel.

                                        /s/ *Jo E. Lawless*
                                        Jo E. Lawless
                                        Assistant United States Attorney