UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-00083-DJH-LLK-1

PATRICK NEWMAN                                                          MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                                RESPONDENT/PLAINTIFF

## OPINION AND ORDER[1]

The pro-se Movant filed a motion and amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, to which the United States responded in opposition. [R. 42, 49, 56.] The Court referred the matter to the undersigned Magistrate Judge for resolution of all non-dispositive motions, for appropriate hearings, if necessary, and for findings of fact and recommendation on dispositive motions. [R. 57.]

For the reasons below, the Court finds that an evidentiary hearing is necessary in this case and shall, by separate orders, SCHEDULE the hearing and APPOINT counsel to represent Movant.

### Movant's Convictions and Sentence

At the change of plea hearing, Movant waived his right to have his case presented to a grand jury for indictment and agreed to proceed based on the information filed by the United States. [Change of plea hearing, R. 54 at 2-3, referencing information at R. 14.] The Court advised Movant that, due to the absence of a plea agreement with the United States, at the sentencing hearing, Movant and the United

---

[1] Movant's second claim (discussed herein) depends upon information contained in his final PSR. PSRs fall outside the First Amendment's and the common law's presumption of right to public access to court documents. *In re Morning Song Bird Food Litigation*, 831 F.3d 765 (6th Cir. 2016). A court opinion, on the other hand, carries a presumption of public access. PSRs are filed under seal, in part, because they contain personal identifying information, and redaction of such information would be difficult to accomplish. *Turner v. Milusnic*, Case No. CV 14–00746–MAN, WL 4449918 n.3 (C.D. Cal. Sept. 10, 2014). Having balanced the competing interests in keeping PSRs confidential and satisfying the public's right of access to judicial decisions, the Court will decline to seal this opinion and order and will allude to the contents of the PSR only to the extent it does not reveal personal identifying information, is necessary to understand the Court's reasoning process, and the information is otherwise available in public court records.

States would be free to argue for any sentence permitted by law but that Movant would not be allowed to withdraw his guilty pleas in the event counsel's predictions regarding application of the United States Sentencing Guidelines proved incorrect and/or the Court sentenced Movant more severely than anticipated. [R. 54 at 14-16.]

Movant pled guilty to sixteen counts of production of child pornography (18 U.S.C. § 2251(a) and (e)), one count (Count 2) of use of interstate commerce to persuade or entice a minor to engage in sexual activity (18 U.S.C. § 2422(b)), one count of transportation of child pornography (18 U.S.C. § 2252A(a)(1) and (b)(1)), and one count of possession of child pornography (18 U.S.C. § 2252A(a)(a)(5)(B) and (b)(2)). [Judgment and commitment order, R. 36 at 2-3.]

Based on a total offense level of 43 and a criminal history category of I, the final presentence investigation report (PSR) calculated Movant's guidelines sentencing range to be life imprisonment. [Statement of reasons, R. 38 at 1, referencing final PSR at R. 26.] The Court adopted the final PSR [R. 38 at 1], determined that Movant qualified for a variance below the guidelines range [R. 38 at 3], and sentenced Movant to: "a term of three hundred sixty (360) months as to Counts 1, and 3-17 of the Information; five hundred four (504) months as to Count 2 of the Information, two hundred forty (240) months as to Count 18 of the Information, and one hundred twenty (120) months as to Count 19 of the Information, which shall be served CONCURRENTLY, for a TOTAL of five hundred four (504) months." [R. 36 at 4.]

### Movant's Two Claims

Movant's amended Section 2255 motion raises two claims. First, Movant claims that the Court did not have an adequate factual basis, as required by Federal Rule of Criminal Procedure 11, to accept his plea of guilty to Count 2. The claim is significant because Movant's conviction on Count 2 resulted in an additional 144 months of incarceration. [*See* R. 36 at 4, quoted above.]

Count 2 charged a violation of 18 U.S.C. § 2422(b):

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so ….

The victim of Count 2 was a 13-year-old boy who lived in Texas. Movant lived in Kentucky. On the internet, Movant and the victim exchanged sexual banter along the lines of what Movant wanted and "need[ed]" to do with the victim's anus. [Affidavit in support of criminal complaint, R. 1 at 7.] Eventually, Movant persuaded the victim to penetrate his anus with the handle of a toilet plunger and send Movant videos and/or images. [R. 1 at 6-7.]

At the change of plea hearing, the Court asked the United States to summarize its factual basis for Count 2, and the United States responded:

> During those communications, Mr. Newman asked for some very specific things, including sadistic images that involved -- and this was in the original complaint -- a plunger. Because of the very specific nature of those requests, that is the basis of Count 2, the enticement charge. He was giving very specific instructions. He also received other images and traded images with the child in Texas, and that's Count 1, the production charge there.

[R. 54 at 19-20.]

It is a crime to persuade a minor to produce child pornography. *See United States v. Stevenson*, 659 F. App'x 221, 225 (6th Cir. 2016) ("Stevenson does not dispute that the production of child pornography, that is, the sexually explicit photographs that he persuaded E.K. to send to him, is such activity," i.e., "sexual activity for which any person can be charged with a criminal offense," Section 2422(b)).[2] However, the Seventh Circuit held that the "sexual activity" the defendant persuaded the victim to engage in, to constitute a violation of 18 U.S.C. § 2422(b), must involve "person-to-person contact and therefore does not include self-masturbation." *Stevenson v. United Sates*, No. 1:14-CR-167,

---

[2] In any event, it is a crime to persuade a minor to produce "quantities of sexually explicit pictures" that may be regarded as child pornography. *Id.*

3

2018 WL 3802113, at *5 (W.D. Mich. Aug. 10, 2018) (citing *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011)). *Taylor* represents a minority view, which other circuits have rejected "outright." *Id.* (collecting authorities rejecting *Taylor*). Nevertheless, "[t]he Sixth Circuit has not reached the issue." *Id.* In this case, there was no person-to-person contact, and, given the opportunity, the Sixth circuit might adopt the minority view. Therefore, Movant's claim that the Court did not have an adequate factual basis to accept his plea of guilty to Count 2 is not frivolous.[3]

Movant's second claim is that the final PSR calculated his guideline range to be life imprisonment based, among other things, on an improper finding that his conduct in connection with Counts 1, 2, 17, and 18 was sadistic. [Final PSR, R. 26 at 13, 20.][4] "A number of courts have found that images displaying vaginal or anal penetration of a **prepubescent** *(emphasis added)* minor by either an adult male or a foreign object is likely to be painful and constitutes 'sadistic conduct' that justifies the enhancement." *United States v. Fuller*, 77 F. App'x 371, 384 (6th Cir. 2003) (collecting cases). The Court, however, finds no case holding that images that portray penetration of postpubescent minors are per se sadistic. In this case, the 13-year-old victim apparently was postpubescent.[5] Therefore, Movant's claim that the final PSR increased his guideline range based on an improper finding that the videos and/or images portrayed sadistic conduct is not frivolous.

---

[3] 18 U.S.C. § 2422(b) criminalizes persuading a minor to engage in sexual activity or "attempt[ing] to do so." Attempt requires an overt act, or substantial step, toward persuading. *United States v. Bailey*, 228 F.3d 637, 640 (6th Cir. 2000). To the extent the United States' position is that the sexual banter constituted an attempt by Movant to persuade the victim to actually meet with him to engage in criminal sexual activity, it is unclear whether this constituted a sufficient substantial step. *See* 228 F.3d at 639 (A substantial step constituting attempt occurred when Bailey, after sending the victim a message identifying what she had worn to school that day and when she ate lunch at school, "urged her to meet him" to engage in criminal sexual activity.).
[4] As to Counts 1 and 2 (as a group), the final PSR states that "[a]s the offense involved material that portrays sadistic or masochistic conduct, four levels are added. USSG § 2G2.1(b)(4)." [R. 26 at 13.] Regarding Counts 17 and 18 (as a group), "[a]s the offense involved material that portrayed sadistic or masochistic conduct, four levels are added. § 2G2.2(b)(4)." [*Id.* at 20.]
[5] U.S.S.G. § 2G2.2(b)(2) calls for a two-level enhancement "[i]f the material involved a prepubescent minor or a minor who had not attained the age of 12 years." The final PSR indicates no such enhancement. [R. 26.]

**Movant's Two Claims Are Procedurally Defaulted**

Movant did not appeal his convictions and sentence. "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Therefore, Movant's two claims are procedurally defaulted, and this Court may not consider them.

**Movant Potentially Raises a Third Ineffectiveness Claim**

However, in deference to Movant's pro-se status, the Court liberally construes his amended Section 2255 motion as potentially raising a third, free-standing claim of ineffective assistance of trial counsel. The potential claim is based on counsel's failure to file a notice of appeal, which, if filed, would have allowed Movant to appeal his two claims to the Sixth Circuit Court of Appeals. [*See* amended motion, R. 49 at 4, wherein Movant inarticulately indicates that he did not raise his claim on appeal because "counsel did not file the appeal."] The pro-se Movant should be given an opportunity to raise a free-standing claim of ineffective assistance of counsel for not filing an appeal, if he so chooses.

**The Potential Ineffectiveness Claim**

Counsel is ineffective for not filing an appeal in two circumstances. First, counsel is ineffective if a defendant specifically instructed counsel to file a notice of appeal, and counsel did not file it. *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) ("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). If counsel failed to file a requested appeal, prejudice is presumed, and the defendant is entitled "to an appeal without showing that his appeal would likely have had merit." *Morris v. United States*, No. 1:13-CR-00039-TBR, 2017 WL 2899843, at *1 (W.D. Ky. July 7, 2017) (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

Second, counsel is ineffective if he or she failed to consult with a defendant adequately about filing a notice of appeal and that such consultation (concerning any non-frivolous claim) would likely have resulted in a decision to appeal. As this Court explained in *United States v. Motley*, No. 5:14-CR-4-TBR, 2016 WL 3248524, at *2 (W.D. Ky. June 13, 2016):

> If "counsel has not consulted with the defendant" this Court must ask "[u]nder what circumstances does counsel have an obligation to consult with the defendant about an appeal?" *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. "[W]here either of these two circumstances are met, an attorney is required to advise the defendant 'about the advantages and disadvantages of taking an appeal' and to make 'a reasonable effort to discover the defendant's wishes.'" *Gunner v. Welch*, 749 F.3d 511, 518 (6th Cir. 2014) (citation omitted). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 528 U.S. at 484.

**The Remedy for the Potential Ineffectiveness Claim**

If Movant elects to present a free-standing claim of ineffective assistance of counsel for failure to file a notice of appeal and if Movant prevails on that claim, the only remedy available to Movant would be vacation of this Court's previously-entered judgment of conviction and sentence [R. 36] and entry of a new judgment, from which Movant may appeal. *See United States v. Pola*, No. 3:09-CR-5-R, 2016 WL 4098574, at *4 (W.D. Ky. July 28, 2016) ("For the foregoing reason, the Court finds that Pola requested that his counsel file an appeal and this request was not completed. Accordingly, the Court will vacate the previously entered judgment and enter a new judgment from which Pola may appeal.") (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)). Movant's "notice of appeal [could then] be filed in the district court within 14 days" of "the entry of either the judgment or the order being appealed." *Id.* (quoting Federal Rule of Appellate Procedure 4(b)(1)). The Sixth Circuit could then consider Movant's two claims.

**Order**

The Court being sufficiently advised, it is HEREBY ordered that: 1) an evidentiary hearing shall be SCHEDULED by separate order on Movant's claims and potential claims; and 2) counsel shall be APPOINTED by separate order to represent Movant at the evidentiary hearing as required by Rule 8(c) of the Rules Governing Section 2255 Proceedings.

December 11, 2018

**Lanny King, Magistrate Judge
United States District Court**

c: pro-se Movant