UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| PATRICK NEWMAN | MOVANT/DEFENDANT |
| vs. | CRIMINAL ACTION NO. 3:15CR-83-DJH<br>CIVIL ACTION NO.: 3:17CV-57-DJH |
| UNITED STATES OF AMERICA | RESOPNDENT/PLAINTIFF |

– ELECTRONICALLY FILED –
**MOTION TO RECONSIDER**

Comes the United States of America, through counsel, Assistant United States Attorney Jo E. Lawless, and moves the Court to reconsider its Opinion and Order filed on December 11, 2018 (DN 58).

I.   Factual/Procedural Background

Newman, while working as a teacher and assistant football coach at Trinity High School in Louisville, Kentucky, committed multiple child exploitation and pornography offenses. The United States initially charged Newman *via* Criminal Complaint. (DN 1). When confronted with the overwhelming evidence against him, Newman indicated his desire to proceed with a felony Information and direct pleas of guilty.

He waived presentation of the matter to a Grand Jury (DN 54 at 3), and pled guilty, without a Plea Agreement, to an Information charging 19 Counts, including offenses of online enticement, production of child pornography (16 victims), transportation/distribution of child pornography, and possession of child pornography--violations of 18 U.S.C. §§ 2251(a), 2251(e), 2422(b), 2252A(a)(1), 2252A(a)(5)(B), 2252A(b)(1) and 2252A(b)(2). (DN 36 Judgment). In addition to the facts outlined in the Presentence Investigation Report (PSR), a detailed description about Newman's criminal conduct is in the United States' Sentencing Memorandum. (DN 26 Presentence Report; DN 29

Sentencing Memorandum). Additionally, during the course of the change of plea, the United States referenced the Criminal Complaint and supporting Affidavit and provided additional information to support the factual basis of the guilty pleas. (DN 54 Change of Plea Hrg at 17 – 25).

Newman faced a sentence of not less than 15 years and the statutory maximum penalty included life. The Sentencing Guidelines likewise called for a life sentence. (DN 26 Presentence Report; DN 39 TR Sentencing at 5; DN 54 TR Change of Plea Hrg. at 5). The United States urged a sentence of 120 years (1,440 months) imprisonment. (DN 29 Sentencing Memorandum; DN 39 TR Sentencing at 73). This Court sentenced Newman to a total of 42 years (504 months). (DN 36 Judgment). Newman was represented by retained counsel who is experienced and well-regarded, and Newman was fully advised of his right to appeal. (DN 39 TR Sentencing at 124). Newman did not appeal.

Newman has now filed a timely § 2255 motion alleging two grounds relating to his conviction (on Count 2) and his sentence. (Newman filed an initial § 2255 motion that raised four grounds for relief (DN 42), but in his Amended Motion (DN 49), he withdrew/failed to raise two of his grounds.)

His first claim attacks the sufficiency of the factual basis for his guilty plea to Count 2--which was a violation of 18 U.S.C. § 2422(b) (using a means of interstate commerce to persuade, induce, and entice a minor to engage in sexual activity for which a person may be charged with a criminal offense). (DN 49). Newman's second claim is that the Court used an incorrect Guidelines Manual and guidelines range when sentencing him. *Id*. The District Court referred the matter to the Magistrate Judge for appropriate hearings, if necessary, and for findings of fact and recommendation on dispositive matters. (DN 57).

In an Opinion and Order entered December 11, 2018, the Magistrate Judge made certain findings, directed appointment of counsel, and scheduled the matter for an evidentiary hearing. (DN

58). The Opinion and Order identifies three claims for relief: (1) insufficient factual basis to support the conviction for Count 2; (2) insufficient evidence to support the four-level enhancement for sadistic or masochistic material pursuant to U.S.S.G. § 2G2.1(b)(4); and (3) ineffective assistance of counsel due to a Notice of Appeal not being filed. *Id*. The Opinion and Order acknowledges that the first two claims are procedurally defaulted, yet, determines that the claims are not frivolous. *Id*. These determinations form the basis for the instant motion to reconsider.

## II. A factual basis supported the guilty plea to Count 2

The United States adopts, as if set out fully herein, its original response to Newman's amended § 2255 motion. Of note, during the change of plea hearing, when asked to "summarize" the proof against the defendant, (DN 54 at 17), counsel for the United States referenced the Affidavit filed in support of the Criminal Complaint as well as a count-by-count reference to underlying evidence. *Id*.

After counsel for the United States outlined the factual basis for all of the charges in the Information, the Court asked Newman if he had heard everything the prosecutor said. *Id*. at 25. Newman responded, "Yes, sir, I did." *Id*. Then the Court asked Newman if he "agree[d] to the summary of the facts that the United States is prepared to present against you." *Id*. Newman answered, "Yes, sir." *Id*. The Court asked "is it true that you did all of the things that the prosecutor accuses you of doing?" to which Newman responded "Yes, sir, it is." *Id*. at 26. The Court asked Newman if he is "guilty of all of the crimes charged in the information," and Newman said, "Yes, sir, I am." *Id.* The Court then, appropriately, found "that there is a factual basis for the guilty plea." *Id*.

The Opinion and Order appears to determine that a factual basis was arguably not established under a theory that "person-to-person" contact is required in order to violate 18 U.S.C. § 2422(b). (DN 58 at 4). The analysis is flawed.

First, the notion that person-to-person contact is required to establish a § 2422(b) violation defies the elements for the offense, as set forth in <u>Sixth Circuit Pattern Jury Instructions</u>. The relevant pattern instruction provides as follows:

> 16.09 Coercion and Enticement: Persuading A Minor to Engage
> in Prostitution or Unlawful Sexual Activity (18 U.S.C. § 2422(b))
>
> (1) Count ___ of the indictment charges the defendant with persuading a minor to engage in [prostitution] [unlawful sexual activity]. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:
>
>     (A) First: That the defendant knowingly [persuaded] [induced] [enticed] [coerced] an individual under the age of 18 to engage in [prostitution] [unlawful sexual activity].
>
>     (B) Second: That the defendant used [the mail] [a means or facility of interstate [foreign] commerce] to do so.
>
>     (C) Third: That the defendant knew the individual was under the age of 18.
>
> (2) Now I will give you more detailed instructions on some of these terms.
>
> (A) [*Insert definition for the term(s) used at the end of paragraph (1)(A)*]
> — ["Prostitution" means knowingly engaging in or offering to engage in a sexual act in exchange for money or other
> valuable consideration.]
> — ["Unlawful sexual activity" includes _____ [*describe underlying criminal offense*].]
>
> (B) "Using a means or facility of interstate commerce" includes using the internet or the telephone.
>
> (3) [It is not necessary that the government prove that the sexual activity occurred.]
>
> (4) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

<u>Sixth Circuit Pattern Jury Instructions</u> 16.09 (2017).

Second. the Committee Commentary following the pattern instruction provides additional insight and direction. "The definition of unlawful sexual activity is based on the statute; s*ee also United States v. Hart*, 635 F.3d 850, 855 (6th Cir. 2011)." Sixth Circuit Pattern Jury Instructions 16.09 (2017)(Committee Commentary). "Unlawful sexual activity" includes the production of child pornography as defined in 18 U.S.C. § 2256(8). *Id*. (citing 18 U.S.C. § 2427).

The Seventh Circuit opinion in *United States v. Taylor,* 640 F.3d 255 (7th Cir. 2011), has no bearing in the instant case. Nothing in the *Taylor* opinion suggests that Taylor's communications with the undercover agent involved the request, receipt or exchange of child pornography. Rather, the factual background indicates that the enticement charge stemmed from the communications about masturbation and the implication of certain Indiana state statutes.

In the case at bar, over the course of several months, Newman communicated with a child he knew to be under 18 (in fact, the child identified himself as 13-14). During the change of plea hearing, counsel for the United States noted – in response to the Court's request to summarize the evidence against Newman – stated "[a]nd the affidavit in that criminal complaint gives you a little bit of the background and what we would be prepared to prove to a jury if the matter went to trial." (DN 54 at 17). According to the Affidavit referenced during the change of plea hearing, during the course of those communications, specifically on March 9, 2015, Neman made the following requests to John Doe 1 *via* the social media platform KIK:

> "Make me a long sexy video. Think you could do it on the app not on here?"
> "I just want to see as much of you as possible"
> "I need that right pink hole bouncing on my hard cock"
> "Can you use that plunger? Maybe set up the camera on the counter and use it?"
> "I need to see you cum."

A thumbnail photograph depicting a yellow rod inserted into an anus is seen later in the chat from a message sent by John Doe1 to Newman. Additionally, counsel for the United States noted:

5

> As I mentioned just a moment ago, we knew about the child in Texas that started the entire investigation. And the charges that are set out in Counts 1 and 2 have to do with those initial charges that were brought for consideration before the magistrate judge for the search warrant and then the basis of the arrest that occurred in June. They have to do with the online communication with the child who was 13 and then turned 14-years-old.
>
> During those communications, Mr. Newman asked for some very specific things, including sadistic images that involved -- and this was in the original complaint -- a plunger. Because of the very specific nature of those requests, that is the basis of Count 2, the enticement charge. He was giving very specific instructions. He also received other images and traded images with the child in Texas, and that's Count 1, the production charge there.

(DN 54 at 19-20).   No one contests that the materials Newman **requested and received** from John Doe 1 constitute child pornography under federal law.   As such, Newman's conduct is squarely covered by 18 U.S.C. § 2422(b) – as made clear in 18 U.S.C. § 2427.   And, a factual basis supported his plea of guilty to Count 2.   His contention otherwise, is clearly a frivolous claim.   And, "there is not even an arguable assertion of <u>constitutional</u> error," so § 2255 relief is not available to Newman.  *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996)(emphasis added).

   III. <u>A preponderance of evidence supported the § 2G2.1(b)(4) enhancement</u>

  As noted above, the United States adopts, as if set out fully herein, its original response to Newman's amended § 2255 motion.   Again, his second ground fails to set forth a claim of constitutional error.   *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).   Moreover, even if Guidelines issues were cognizable under § 2255, Newman shows no error.

  As an initial matter, all of Newman's criminal offenses occurred in 2015.   *See* DN 14.   The Court appropriately utilized the 2015 United States Sentencing Guidelines Manual.   *See* DN 25 at paragraph 46.

  As Newman's counsel noted at the sentencing hearing, he and Newman had read and discussed the Presentence Report and had no objections.   (DN 39 at 4).   When the Court said, "so there's no

longer any need for any argument on objections either to the [Sentencing Guidelines] calculations or the factual findings," Newman's attorney said, "Correct, Your Honor." *Id*. The Court went on to summarize the guidelines calculations, and Newman's counsel again confirmed that the guidelines calculations were correct. *Id*. at 5-6.

The Opinion and Order nevertheless concludes that Newman's claim that the four-level enhancement for sadistic or masochistic depictions relative to Counts 1, 2, 17 and 18 is not frivolous because the victim depicted in some of the images (especially those in Counts 1 and 2), was postpubescent. Reliance on such a "bright line" not previously required by statute or precedent is misplaced.

First, the record is replete with information substantiating the enhancement and Newman's knowledge of the supporting materials. The Affidavit in support of the Criminal Complaint described Newman's criminal conduct with regard to John Doe 1 (Counts 1 and 2 of the Information). Newman and his counsel received the Complaint and Affidavit at the time of his initial appearance following arrest. Shortly thereafter, defense counsel had the opportunity to review, through pre-Indictment discovery, the online communications as well as the child pornography images obtained and possessed by Newman (including the materials pertaining to Counts 1 and 2). Said review led, in part, to the request to proceed by Information. During the change of plea hearing, the United States outlined a summary of the evidence that would be presented against Newman on each charge. He admitted that he had, in fact, done the things the United States stated it could prove. The PSR included detailed information about the criminal conduct – including the images of child pornography. The United States Probation Officer who prepared the PSR had access to the investigative materials – including all child pornography images. Additionally, the United States filed a detailed Sentencing Memorandum describing Newman's criminal conduct and filed as redacted exhibits the online communications

referencing what Newman had requested from the sixteen minors – including John Doe 1.

Second, nothing in the enhancement for sadistic or masochistic material requires the minor(s) involved be prepubescent. The Sixth Circuit recently reiterated the analysis for the § 2G2.1(b)(4) enhancement. When applying this enhancement, "a sentencing court must determine by a preponderance of the evidence that an image or material (1) depicts sexual activity involving a minor and (2) portrays conduct that would cause an objective viewer to believe—without regard to the undepicted circumstances of the sexual encounter—that the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor." *United States v. Allen*, 720 Fed.Appx. 254, 259 (6th Cir. 2018)(quoting United *States v. Corp*, 668 F.3d 379, 390 (6th Cir. 2012)). Our precedent holds that for § 2G2.1(b)(4) to apply, the sentencing court must determine that the material depicts sexual activity involving a minor. *Allen*, 720 Fed.Appx. at 259.

Third, the Sixth Circuit provided guidance on what constitutes sadistic, masochistic or other depictions of violence in *Corp*. The district court applied the § 2G2.1(b)(4) enhancement for an act committed (urinating in the mouth of the victim and forcing her to swallow it) – **but not depicted in any images**. *Corp*, 668 F.3d at 386-87. The Sixth Circuit rejected the enhancement on these facts – but, also considered whether images depicting the defendant's ejaculate on the victim's face warranted the enhancement. *Id*. at 387-91. Because of the need for "case-by-case determination," the Court remanded the matter for resentencing and further development of the record. *Id*. at 391.

The *Corp* Court's analysis if helpful in the case at bar. "Because the Guidelines do not define the phrase 'sadistic or masochistic conduct or other depictions of violence,' we 'look to the common meaning[s] of those terms to determine their application.'" *Id.* at 388 (quoting *United States v. Groenendal,* 557 F.3d 419, 425 (6th Cir.2009) (internal quotation marks omitted). The Court noted previously defining "sadism" as "the infliction of pain upon a love object as a means of obtaining

8

sexual release." *Id.* at 388 (citing *Groenendal,* 557 F.3d at 425 (quoting *United States v. Lyckman,* 235 F.3d 234, 238 n. 19 (5th Cir.2000), *cert. denied,* 532 U.S. 986 (2001)). Recognizing that earlier cases generally involved only the infliction of physical pain, *see United States v. Phillips,* 383 Fed.Appx. 527, 533 n. 2 (6th Cir.2010) (unpublished opinion), the Court opined that the ordinary definition of sadism is not so limited. *Corp*, 668 F.3d at 388 (citing *Merriam Webster's Collegiate Dictionary* 1029 (10th ed.1995) (defining sadism as "a sexual perversion in which gratification is obtained by the infliction of physical *or mental* pain on others (as on a love object)" (emphasis added)). The Court also noted that inclusion of more than just physical pain in this context is consistent with the precedent of many of its sister circuits. *Corp*, 668 F.3d at 388-89 (citing *United States v. Maurer,* 639 F.3d 72, 80 (3[d] Cir. 2011)(noting other circuits' inclusion of mental harm in the definition of sadism and indicating the court's "belief that the application of § 2G2.2(b)(4) is not limited to circumstances where the pain that would result from the depicted conduct is the result of sexual penetration by an adult or bondage of a child"); *United States v. Freeman,* 578 F.3d 142, 145–46 (2d Cir.2009) (identifying "delight in physical or mental cruelty" as an ordinary definition of "sadistic" (quoting *Webster's Third New International Dictionary* 2254 (1986))); *United States v. Hoey,* 508 F.3d 687, 691 (1st Cir.2007) (same); *United States v. Rearden,* 349 F.3d 608, 615 (9th Cir.2003) (same); *United States v. Parker,* 267 F.3d 839, 847 (8th Cir. 2001) (stating that "the terms 'violence' and 'sadism,' as ordinarily used, are not limited to activity involving a rope, belt, whip, chains, or other instruments" and determining that painful, coercive, abusive, and degrading" conduct also qualify as "sadistic" under the Guidelines), *cert. denied,* 535 U.S. 1011 (2002); *United States v. Turchen,* 187 F.3d 735, 739 (7th Cir.1999) (concluding that the terms sadistic and masochistic also include "sexual gratification which is purposefully degrading and humiliating [and] conduct that causes mental suffering or psychological or emotional injury in the victim" and that the enhancement may therefore be warranted even when

9

images do not portray any kind of violence); *United States v. Comeaux,* 445 Fed.Appx. 743, 745 (5th Cir.2011) unpublished opinion) (observing that "many depictions which are unarguably sadistic in nature do not involve violence or pain, but rather subjugation and humiliation").[1]

The *Corp* court also analyzed application § 2G2.1(b)(4) for images that contain depictions of masochistic conduct and images that fall into the catch-all category "other depictions of violence." *Corp* 668 F.3d at 389. Under a plain-meaning analysis, masochistic images would include those depicting "a sexual perversion characterized by pleasure in being subjected to pain or humiliation, esp[ecially] by a love object." *Id*. (quoting Merriam *Webster's Collegiate Dictionary, supra,* at 714). The Court also addressed the phrase "other depictions of violence." "Here, however, it is not enough simply to look to ordinary meaning. Rather, because of its association with the terms 'sadism' and 'masochism,' the reach of the phrase 'other depictions of violence' is limited by those definitions. *Corp* 668 F.3d at 388 (citing *Lyckman,* 235 F.3d at 238). Although the "ordinary meaning of 'violence' [is] 'the exertion of any physical force so as to injure, damage or abuse,' " the term cannot be construed so broadly in the present context. *Corp* 668 F.3d at 389 (citing *Lyckman,* 235 F.3d at 238)(quoting *Black's Law Dictionary* 1570 (6th ed.1990)). Instead, citing "[t]he venerable principle of *ejusdem generis,*" *Lyckman* appropriately clarified that "the general term 'other depictions of violence' casts its net no wider than necessary to capture images akin to those" encompassed by the more specific terms "sadistic" and "masochistic." *Corp* 668 F.3d at 389 (quoting *Lyckman,* 235 F.3d at 238).

---

[1] The Court noted that several of the cited cases referenced the enhancement for trafficking rather than production as well as different Guideline provisions due to earlier numbering. However, the Court pointed out that the language in each of the Guidelines remained the same as before the 2004 amendment and that the language for the enhancement or both types of offenses was exactly the same.

Aside from the definitions, the *Corp* Court went on to identify additional principles for consideration when considering § 2G2.1(b)(4) application. "First, we agree with our sister circuits that whether a particular image can be classified as portraying sadistic or masochistic conduct under § 2G2.1(b)(4) is an objective determination." *Corp* 668 F.3d at 389 (citing *Maurer,* 639 F.3d at 80; *United States v. Raplinger,* 555 F.3d 687, 694–95 (8th Cir.), *cert. denied,* ––– U.S. –––, 129 S.Ct. 2814, 174 L.Ed.2d 308 (2009); *Freeman,* 578 F.3d at 146). A court must consider what the material at issue actually portrays rather than making subjective determinations about the thoughts or intentions of the specific individuals being depicted. *Corp* 668 F.3d at 389. "In other words, whether an adult in the image is in fact intending to inflict physical or mental pain and whether the minor in fact experiences such pain are immaterial. Rather, the court must determine, based on the contents within the four corners of the image, whether the circumstances being portrayed are such that an outsider would perceive them as depicting the infliction of pain or humiliation on the minor." *Id*. In order to apply the § 2G2.1(b)(4) enhancement, "a sentencing court must determine by a preponderance of the evidence that an image or material (1) depicts sexual activity involving a minor and (2) portrays conduct that would cause an objective viewer to believe—without regard to the undepicted circumstances of the sexual encounter —that the pictured activity is inflicting physical pain, emotional suffering, or humiliation on that minor." *Id*. at 389-90.

The Opinion and Order makes much of the fact that the child depicted in the plunger video / images was no prepubescent. And, correctly notes that courts have determined that sexual penetration of prepubescent children are inherently sadistic. However, from the standpoint of an objective reviewer – the anal penetration of a 13-year-old with a plunger handle most certainly depicts the infliction of pain or humiliation on the minor. *See Raplinger,* 555 F.3d at 694–95 (emphasizing the need to focus on "what the material portrays" rather than permitting the defendant to avoid the

enhancement on the basis that, despite the depiction of bondage, the minor was not actually in pain). The materials requested – and received – by Newman were purposefully degrading and humiliating.

The District Court had the benefit of descriptions of the images set out in the Criminal Complaint Affidavit, PSR (prepared by the United States Probation Officer after having the opportunity to review the materials), the contents of the online communications (attached as exhibits to the United States' Sentencing Memorandum), the United States' Sentencing Memorandum, arguments of counsel, and the fact that no objections were raised to the enhancement when reaching its conclusion that the enhancement applied. The District Court's determination was grounded on much more than a preponderance of the evidence. Moreover, "there is not even an arguable assertion of <u>constitutional</u> error," so § 2255 relief is not available to Newman on this issue. *See Grant* 72 F.3d at 506 (emphasis added). He has failed to allege a non-frivolous claim.

## IV. Ineffective Assistance of Counsel

The United States maintains its position that nothing in Newman's amended § 2255 motion establishes an ineffective assistance of counsel claim concerning advice and/or pursuit of an appeal. In light of the Opinion and Order, the United States respectfully requests that any evidentiary hearing be limited to (a) whether counsel discussed the possibility of appeal; and (b) whether Newman directed counsel to file an appeal.

## V. Conclusion

For the reasons set forth more fully above, the United States respectfully requests reconsideration of the conclusions set forth in the Opinion and Order regarding whether a factual basis supported the guilty plea to Count 2 and whether the District Court appropriately applied the 2G2.1(b)(4) enhancement. And, requests that any evidentiary hearing be limited to the purported claim of ineffective assistance of counsel as related to the issue of an appeal.

          Respectfully submitted,

          RUSSELL M. COLEMAN
          United States Attorney

          /s/ *Jo E. Lawless*
          Jo E. Lawless
          Assistant United States Attorney
          717 West Broadway
          Louisville, Kentucky 40202
          (502) 625-7065
          Fax (502) 582-5097

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by electronic means through the Court's ECF system on December 18, 2018, to defense counsel.

          /s/ *Jo E. Lawless*
          Jo E. Lawless
          Assistant United States Attorney