UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-00083-DJH-LLK-1

PATRICK NEWMAN                                                                MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                             RESPONDENT/PLAINTIFF

## STATUS REPORT AND ORDER

The pro-se Movant filed a motion and amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, to which the United States responded in opposition. (Dockets # 42, 49, 56). The Court referred the matter to the undersigned Magistrate Judge for resolution of all non-dispositive motions, for appropriate hearings, if necessary, and for findings of fact and recommendation on dispositive motions. (Docket # 57).

On March 19, 2019, the undersigned conducted a telephonic further proceedings. In attendance were Movant's appointed counsel Richard Earl Cooper and Assistant United States Attorney Jo E. Lawless.

### Status Report

On December 11, 2018, the undersigned entered an opinion and order finding all but one of Movant's claims to be procedurally defaulted due to failure to raise them on direct appeal. (Docket # 58 at 5.)[1]

---

[1] The opinion identified the non-defaulted claim as one of ineffective assistance of trial counsel for not filing an appeal on Movant's behalf.

The opinion identified two bases in support of the non-defaulted claim. The first basis was that trial counsel may have "disregard[ed] specific instructions from the [Movant] to file a notice of appeal." (Docket # 58 at 5) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). The second basis was that trial counsel may not have "consult[ed] with [Movant] about an appeal when there [was] reason to think … that a rational defendant would want to appeal (for example, because there [were] nonfrivolous grounds for appeal)." *Id.* at 6 (quoting 528 U.S. at 480).

The opinion suggested that two of Movant's defaulted claims may have constituted examples of "nonfrivolous grounds for appeal" as contemplated by *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). *Id.* at 2-4. The claims were that the Court did not have an adequate factual basis, as required by Federal Rule of Criminal Procedure 11, to accept Movant's plea of guilty to Count 2 and that the final presentence investigation report calculated

1

On December 13, 2018, the undersigned signed an order appointing counsel, which was entered on December 18, 2018. (Docket # 60).

On December 18, 2018, the United States filed a motion for reconsideration of the opinion and order. (Docket # 59). The United States objects to the opinion's characterization of Movant's two non-defaulted claims as examples of nonfrivolous grounds that a rational defendant might have wanted to appeal.

Since his appointment, counsel has experienced significant difficulty communicating with his client at the United States Penitentiary in Tucscon, Arizona. This has resulted in four telephonic further proceedings before the undersigned, which occurred on December 20, 2018, January 28, 2019, February 19, 2019, and March 19, 2019.

On February 28, 2019, the Clerk submitted the United States' motion for reconsideration to District Judge Hale for ruling.

As of March 19, 2019, the status of this case is as follows:

1. Appointed counsel has obtained trial counsel's client file, which may contain pertinent information regarding whether Movant instructed trial counsel to file an appeal.

2. Appointed counsel awaits direction from Movant as to whether he should respond in opposition to the United States' motion for reconsideration.

3. Appointed counsel has drafted and mailed to Movant a copy of a second amended 2255 motion and awaits direction from Movant as to whether he should file it.

4. The United States objects to Movant's filing of a second amended 2255 motion to the extent it raises new claims and issues not in Movant's original pro-se motion and amended motion.

---

Movant's guideline range to be life imprisonment based, among other things, on an improper finding that his conduct in connection with Counts 1, 2, 17, and 18 was sadistic. *Id.* at 2, 4.

The opinion concluded that appointment of counsel and an evidentiary hearing on Movant's "claims and potential claims" were warranted. *Id.* at 7.

5.  The parties agreed that an appropriate procedure regarding the second amended 2255 motion is that appointed counsel should file a motion for leave to file such motion, along with a copy of the motion, to which the United States may respond in opposition.

## Order

It is hereby ORDERED that appointed counsel shall CONTACT the Magistrate Judge's Office to SCHEDULE a telephonic status conference after counsel has received word from Movant as to how Movant intends to proceed.

March 27, 2019

Lanny King, Magistrate Judge
United States District Court

p: 0/14