MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western |
|---|---|
| Name (under which you were convicted):<br>Patrick Newman | Docket or Case No.:<br>3:15CR-00083-DJH |
| Place of Confinement:<br>Federal Correctional Complex & USP Tucson | Prisoner No.:<br>15960-033 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br><br>Patrick Newman |

SECOND AMENDED 2255
MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court, Western District of Kentucky, Louisville Division

   (b) Criminal docket or case number (if you know): 3:15-CR-83-DJH

2. (a) Date of the judgment of conviction (if you know): 8/19/2015

   (b) Date of sentencing: 1/6/2016

3. Length of sentence: Total 504 months

4. Nature of crime (all counts):

   16 Counts 18 U.S.C. 2251(a) and 2251(e) Production of Child Pornography
   1 Count 18 U.S.C. 2422(b) Use of Interstate Commerce to Persuade or Entice a Minor to Engage in Sexual Activity
   1 Count 18 U.S.C. 2252A(a)(5)(B) and 2252A(b)(2) Possession of Child Pornography

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☑     (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ☐     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑

8. Did you appeal from the judgment of conviction?   Yes ☐   No ☑

9. If you did appeal, answer the following:

   (a) Name of court:  N/A

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

   If "Yes," answer the following:

   (1) Docket or case number (if you know):  N/A

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:  N/A

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏    No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏    No ❏

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❏    No ❏

(2) Second petition:    Yes ❏    No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

See first paragraph below.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was constitutionally ineffective by failing to advise Movant the meaning of elements of 18 USC Section 2422(b) before his entry of plea, failed to consult Movant on defenses to conviction under 18 USC Section 2422(b), and failed to object to the government's insufficient factual basis to support conviction of 18 USC Section 2422(b) 2 denying Movant his due process in violation of the Sixth Amendment to the United States Constitution.

Movant states his counsel did not consult with Movant regarding the necessary elements under 18 USC Section 2422(b) nor did Movant's counsel discuss defenses to the crime. The elements require the government to find Movant knowingly persuaded, induced, enticed or coerced a minor to engage in "sexual activity" for which a person can be charged with a criminal offense. Movant's counsel did not consult, advise or provide definition of "sexual offense" nor defense under the use of the term "sexual offense" or the fact it has been interpreted to mean personal contact requiring an overt act or substantial step to meet and engage with a minor. Movant states had counsel properly advised, consuled, presenting defenses and deficiencies in the government's case he would not have entered a plea to Count 2 and would have insisted on going to trial. "Movant's conviction on Count 2 resulted in an additional 144 months of incarceration." (R 58 Opinion and Order at page 2.)

(b) Direct Appeal of Ground One:  N/A

 (1) If you appealed from the judgment of conviction, did you raise this issue?

 Yes ☐  No ☐

 (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:  N/A

 (1) Did you raise this issue in any post-conviction motion, petition, or application?

 Yes ☐  No ☐

 (2) If your answer to Question (c)(1) is "Yes," state:

 Type of motion or petition:

 Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

  See first paragraph below

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    Counsel was constitutionally ineffective for failing to object to the Pre-Sentence Report finding a four level enhancement of a guideline range for sadistic material pursuant to USSG Section 2G2.1(b)(4) that must be proven by preponderance of evidence denying Movant of his due process right and Sixth Amendment under the United States Constitution.

    Movant plead guilty on advice of counsel to 19 Counts. The PSR calculation of Movant's guildeline range made an improper finding that certain conduct under Counts 1, 2, 17 and 18 was sadistic conduct. (R.26 Final PSR at pages 13 and 20) Movant states the government's insufficient factual basis failed to present adequate facts by a preponderance to support the conclusion of sadistic conduct, but counsel failed to object to the PSR's calculated guildeline range resulting in a four level enhancement to his offense level to his prejudice. Movant states had he been adequately consulted and advised as to the interpretation of the sadistic conduct by his counsel he would have refused to plead guilty to those Counts and demanded a trial.

(b) **Direct Appeal of Ground Two:**   N/A

 (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ❏   No ❏

 (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**   N/A

 (1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ❏   No ❏

 (2) If your answer to Question (c)(1) is "Yes," state:

 Type of motion or petition:

 Name and location of the court where the motion or petition was filed:

 Docket or case number (if you know):

 Date of the court's decision:

 Result (attach a copy of the court's opinion or order, if available):

 (3) Did you receive a hearing on your motion, petition, or application?

  Yes ❏   No ❏

 (4) Did you appeal from the denial of your motion, petition, or application?

  Yes ❏   No ❏

 (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

  Yes ❏   No ❏

 (6) If your answer to Question (c)(4) is "Yes," state:

 Name and location of the court where the appeal was filed:

 Docket or case number (if you know):

 Date of the court's decision:

 Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

See first paragraph below

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was constitutionally ineffective for failure to consult and advise Movant about the claims stated in Ground One and Ground Two above to appeal his unknowing and involuntary plea and sentencing resulting in denial of due process and Sixth Amendment to the United States Constitution.

Movant states his counsel never discussed the claims outlined in Grounds One and Two above prior to his entry of a plea, prior to his sentencing nor subsequently the merit of filing an appeal on those issues, but rather only discussed the merit of filing an appeal on the severity of the sentence as being greater than counsel had expected or hoped.

Movant with the knowledged gained subsequent that he had claims that would warrant consideration under appeal as stated in Grounds One and Two above would have demanded counsel file Notice of Appeal to preserve his right to appeal the judgment of the Court.

(b) **Direct Appeal of Ground Three:**   N/A

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑   No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**   N/A

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑   No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ❏   No ❏
(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ❏   No ❏
(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ❏   No ❏
(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed:

Docket or case number (if you know):
Date of the court's decision:
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑ No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑ No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑ No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?   Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
Brian Butler, Law Offices of Dawhorn & Butler, 600 W. Main St., Suite 500, Louisville, KY 40202
(b) At arraignment and plea:
Same
(c) At trial:
N/A
(d) At sentencing:
Same

(e) On appeal:

N/A

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

to reverse, vacate or set aside sentence

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)
Richard Cooper, PSC
239 South Fifth Street, Suite 1700
Lou., KY  40202 - 502-587-6554
richardcooperesq@gmail.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on  March 26, 2019  (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

CERTIFICATE OF SERVICE

I hereby certify that on April  , 2019 I electronically filed the foregoing Second Amended 2255 Motion with the Clerk of the Court by using CM/EFC system, which will send a notice of electronic filing to all attorneys of record.

/s/ Richard Cooper
RICHARD COOPER