UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                                CRIMINAL ACTION NO. 3:15CR-83-DJH

PATRICK NEWMAN                                                  DEFENDANT

*ELECTRONICALLY FILED*
**RESPONSE TO MOTION FOR LEAVE OF COURT TO AMEND
MOTION UNDER 28 U.S.C. § 2255**

Comes the United States of America, through counsel, Assistant United States Attorney Jo E. Lawless, and files its response to Newman's motion for leave of Court to amend his § 2255 motion (DN 66), and states its objection thereto. The proposed amended § 2255 motion is time-barred. Therefore, the request should be **DENIED**.

PROCEDURAL BACKGROUND

On June 2, 2015, a Magistrate Judge in this District authorized the filing of a Criminal Complaint charging Newman with violating federal child sex exploitation laws. (DN 1). Specifically, the Complaint charged Newman with online enticement, in violation of 18 U.S.C. § 2422(b), and production of child pornography, in violation of 18 U.S.C. § 2251(a). *Id*.

Newman pled guilty, without a Plea Agreement, on August 19, 2015, to a felony Information charging 19 Counts, including offenses of online enticement, production of child pornography (16 victims), transportation/distribution of child pornography, and possession of child pornography--violations of 18 U.S.C. §§ 2251(a), 2251(e), 2422(b), 2252A(a)(1), 2252A(a)(5)(B), 2252A(b)(1) and 2252A(b)(2). (DN 22; DN 54 – transcript of Arraignment & Change of Plea Hearing). In addition to the facts outlined in the Presentence Report, the United States included a detailed description about Newman's criminal conduct in its Sentencing Memorandum. (DN 26 & DN 29, respectively). This Court conducted a sentencing hearing on January 6, 2016. (DN 34 & 39 – transcript of Sentencing

Hearing). The Judgment, entered on January 13, 2016, memorialized the 504-month sentence of imprisonment followed by a life term of Supervised Release pronounced at the end of the sentencing hearing. (DN 36). Newman did not pursue a direct appeal. Newman's initial Motion to Vacate, Set Aside or Correct Sentence bears a certification regarding placement in the prison mail system with a date of January 6, 2017. *See* DN 42 at p. 12.

The initial § 2255 motion set forth four grounds relating to his conviction. *Id*. However, in his first Amended Motion, (DN 49), filed following extensions of time allowed by the Court (DN 44, DN 47 & DN 51), Newman withdrew/failed to raise two of the grounds, thereby outlining two grounds for relief. The first claim attacks the sufficiency of the factual basis for his guilty plea to Count 2--which was a violation of 18 U.S.C. § 2422(b) (using a means of interstate commerce to persuade, induce, and entice a minor to engage in sexual activity for which a person may be charged with a criminal offense). (DN 49 & DN 49-2 Memorandum). The second claim alleges that the Court used an incorrect Guidelines Manual and guidelines range when sentencing him. (DN 49 & DN 49-3 Memorandum).

This Court directed the United States to file a response to both the initial and amended § 2255 motions. (DN 50). In that same Order, the Court referred the matter to one of the Magistrate Judges for rulings on all non-dispositive issues as well as consideration and the filing of a report and recommendation on the merits of the underlying post-conviction request for relief. *Id*. The United States requested an extension of time in which to file its response to Newman's motion in order to obtain a transcript of the Change of Plea Hearing. (DN 52). The Magistrate Judge granted the requested extension of time. (DN 53). Shortly therefore, the Court reported filed the transcript in the official Court record. (DN 54). Due to a death in undersigned counsel's immediate family, a colleague prepared and filed the United States' response. *See* DN 56.

On November 21, 2018, this Court referred the § 2255 motion to a different Magistrate Judge in the District. (DN 57). By an Opinion and Order entered December 11, 2018, the Magistrate Judge

appointed counsel and scheduled the matter for an evidentiary hearing. (DN 58). One week later, the United States filed a motion for reconsideration. (DM 59).

In its motion, the United States acknowledged that in an Opinion and Order entered December 11, 2018, (DN 58), the Magistrate Judge made certain findings, directed appointment of counsel, and scheduled the matter for an evidentiary hearing. (DN 59). The Opinion and Order identified three claims for relief: (1) insufficient factual basis to support the conviction for Count 2; (2) insufficient evidence to support the four-level enhancement for sadistic or masochistic material pursuant to U.S.S.G. § 2G2.1(b)(4); and (3) ineffective assistance of counsel due to a Notice of Appeal not being filed. *Id*. The Opinion and Order acknowledged that the first two claims are procedurally defaulted, yet, determined that the claims are not frivolous. *Id*. The United States' Motion specifically noted that the procedural default / non-frivolous determinations formed the basis for the instant motion to reconsider. *Id*. The motion remains pending.

By separate Order entered December 18, 2018, the Magistrate Judge appointed Richard Cooper as counsel for Newman. (DN 60). A series of telephonic conferences ensued. *See* DN 61-65. On April 2, 2018, through counsel, Newman filed a motion for leave of Court to again amend his § 2255 motion. (DN 66).

## ARGUMENT

A federal prisoner has one year in which to file a § 2255 motion, including any amendments to the motion. *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing to 28 U.S.C. §2255, ¶ 6 (now § 2255(f)) as providing a "one-year limitation period in which to file a motion to vacate a federal conviction"); *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Any attempt to raise a new claim for relief in a Rule 15 motion to amend pleadings is subject to AEDPA's one-year statute of limitations."). The one-year period commences on one of four triggering dates. 28 U.S.C. § 2255(f)(1)-(4). The statute provides for a one-year limitations period, which shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255(f).

The triggering date in the first subsection of § 2255 is the date that a conviction becomes final. 28 U.S.C. § 2255(f)(1). It is this subsection which will apply to the filing of the typical motion to vacate. As noted above, Newman's judgment issued on January 13, 2016. (DN 36). And, he did not file a notice of appeal within the required fourteen days. Fed. R. App. P. 4(b)(1)(A)(i). Thus, on January 28, 2016, the time to file a notice of appeal lapsed and his conviction became final. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding that "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed"). Therefore, Newman had one year from January 28, 2016, *i.e.*, until January 28, 2017, to file a timely § 2255 motion and any amendments to the motion.

The one-year period of limitation applies to a motion for leave to amend. *See Oleson v. United States*, 27 Fed.Appx. 566, 570 (6th Cir. 2001). This Court already extended generous leave to amend the initial § 2255 motion well outside the one-year filing period. The instant proposed amended § 2255 motion, filed on April 2, 2019, falls more than two years outside the limitation period.

Contrary to the assertion that the proposed second amended § 2255 motion is a clarification of the issues distilled from Newman's *pro se* motions, comparison of the documents reveals that the

current proposed motion raises new/different claims.  Nothing in the motion demonstrates grounds for equitable tolling or relation back.  The motion should be **DENIED**.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

/s/ *Jo E. Lawless*
Jo E.  Lawless
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7065
Fax (502) 582-5097

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent by electronic means through the Court's ECF system on April 17, 2019, to defense counsel.

/s/ *Jo E. Lawless*
Jo E.  Lawless
Assistant United States Attorney