# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CRIMINAL ACTION NO. 3:15-CR-00083-DJH-LLK

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.

PATRICK NEWMAN                                              DEFENDANT/MOVANT

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION[1]

Movant Patrick Newman filed a motion and first-amended motion to vacate his convictions and sentence under 28 U.S.C. § 2255, to which the United States responded in opposition.  (Dockets # 42, 49, 56.)  The Court referred the matter to the undersigned Magistrate Judge "for resolution of all nondispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on dispositive motions."  (Docket # 57.)  The undersigned appointed Richard Earl Cooper to represent Movant.  (Docket # 60.)

This matter is before the Court on Movant's motion, through appointed counsel, to file a second-amended Section 2255 motion, to which the United States has responded in opposition.  (Dockets # 66, 69.)  The Clerk submitted the motion to the undersigned for ruling.  (Dockets # 67-68.)

Movant's motion (Docket # 66) is time barred because Movant filed the motion past the 1-year period of limitation established by Section 2255(f), and his proposed amended claims (Docket # 66-1) do not relate back to his original claims (Docket # 42, 49).  *See* FED. R. CIV. P. 15(c)(1)(A, B) (Claims set out in

---

[1] The undersigned is submitting this report recommending denial of Movant's motion for leave to file a second-amended Section 2255 motion (Docket # 66) because he has determined that the motion should be denied.  The Sixth Circuit has not addressed whether a motion to amend is case-dispositive or non-dispositive as contemplated by 28 U.S.C. § 636(b)(1)(A, B).  *Sims v. United States*, No. 3:05-CR-00121-CRS-CHL, 2015 WL 2338539, at n.1 (W.D. Ky. May 3, 2015) (citing *Tyree v. U.S. Bank, NA*, 2015 WL 73656, at *1 (W.D. Tenn. Jan. 6, 2015)).  In a habeas context, this Court has applied a result-oriented approach -- treating motions to amend as non-dispositive if the determination is that the motion should be granted and treating them as dispositive if the determination is that the motion should be denied.  *Compare Sims* at n.1 ("[B]ecause the [Magistrate Judge] is not disallowing any claim to move forward, [he] believes this order [granting motion to amend Section 2255 motion] fits squarely in the non-dispositive category"); *Wettstain v. United States*, No. 4:07-CR-00010-JHM-HBB, 2012 WL 13080231 (W.D. Ky. June 20, 2012) (report recommending denial of motion to amend Section 2255 motion).

an amended pleading relate back to the date of the original pleading, for purposes of any applicable statute of limitations, only if "the amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading.").

Therefore, the RECOMMENDATION will be that the Court DENY Movant's motion for leave to file a second-amended Section 2255 motion.  (Docket # 66.)

## Background facts and procedural history

Movant pled guilty, in the absence of a plea agreement, to sixteen counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e); one count (Count 2) of use of interstate commerce to persuade or entice a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b); one count of transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1) and (b)(1); and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  (Docket # 36 at PageID # 544-45.)

Based on a total offense level of 43 and a criminal history category of I, the final presentence investigation report (PSR) calculated Movant's guidelines sentencing range to be life imprisonment. (Docket # 26.)  The Court adopted the PSR, determined that Movant qualified for a variance below the guidelines range (Docket # 38 at PageID # 552, 554), and sentenced Movant to:  "a term of three hundred sixty (360) months as to Counts 1, and 3-17 of the Information; five hundred four (504) months as to Count 2 of the Information, two hundred forty (240) months as to Count 18 of the Information, and one hundred twenty (120) months as to Count 19 of the Information, which shall be served CONCURRENTLY, for a TOTAL of five hundred four (504) months."  (Docket # 36 at PageID # 546.)  Movant did not directly appeal his convictions and sentence to the Sixth Circuit Court of Appeals.

Movant filed a pro-se Section 2255 motion to vacate his convictions and sentence, which raised four trial-error claims.  (Docket # 42.)  Movant subsequently filed a pro-se first-amended 2255 motion, in which he elaborated on his first two claims.  (Dockets # 49, 49-2, 49-3.)

2

The undersigned entered an Opinion and Order, finding that Movant's claims are procedurally defaulted because they are trial-error claims, which Movant could and should have been raised on direct appeal but did not.  (Docket # 58 at PageID # 849.)  "Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim." (*Id.*) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

However, in light of Movant's pro-se status, the Opinion and Order liberally construed Movant's claims, *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985), as potentially raising additional, non-defaulted claims of ineffective assistance of counsel.  (*Id.*)  Specifically, trial counsel may have been ineffective if he "disregard[ed] specific instructions from the [Movant] to file a notice of appeal."  (*Id.* at PageID # 849) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)).  Additionally, counsel may have been ineffective if he did not "consult with [Movant] about an appeal when there [was] reason to think … that a rational defendant would want to appeal (for example, because there [were] nonfrivolous grounds for appeal)." (*Id.* at Page ID # 850) (quoting *Flores-Ortega* at 480).  The Opinion observed that Movant's trial-error claims may have constituted examples of "nonfrivolous grounds for appeal" that Movant may have wanted to appeal.  (*Id.* at PageID # 850.)  The Opinion concluded that appointment of counsel and an evidentiary hearing on Movant's "claims and potential claims" appeared to be warranted (*id.* at Page ID # 851) and appointed counsel to represent Movant.  (Docket # 60.)

The United States filed a Motion for Reconsideration of the Opinion and Order, arguing that the undersigned erred in suggesting that Movant's trial-error claims may have constituted nonfrivolous grounds for appeal.  (Docket # 59.)  The Motion for Reconsideration remains pending.

Appointed counsel experienced significant difficulty communicating with Movant at the United States Penitentiary in Tucscon, Arizona.  This resulted in four telephonic status conferences before the undersigned, which occurred on December 20, 2018, January 28, 2019, February 19, 2019, and March 19, 2019.  (Dockets # 61-65.)  At the most recent conference, appointed counsel informed the Court that he

had drafted and mailed to Movant a copy of the proposed second-amended Section 2255 motion (now at Docket # 66-1) and that he was awaiting direction from Movant as to whether he should file the motion. (Status Report and Order, Docket # 65 at PageID # 868.)  The parties agreed that an appropriate procedure would be that, when and if appointed counsel obtained approval from Movant to file the motion, appointed counsel would file a motion for leave to file a second-amended 2255 motion, along with a copy of the proposed motion, to which the United States could respond in opposition.  (*Id.*)

Movant filed the present motion for leave to file a second-amended Section 2255 motion, along with a copy of the proposed second-amended motion.  (Dockets # 66, 66-1.)  The proposed amended Section 2255 motion raises two claims of ineffective assistance of counsel.  (Docket # 66-1 at PageID # 907-08.)  The proposed ineffectiveness claims are different from the ones identified in the prior Opinion and Order.  (Docket # 58.)

Movant's first original claim is that the trial court erred in accepting Movant's plea of guilty to Count 2 because it lacked a factual basis.  (Dockets # 42 at PageID # 689, 49 at PageID # 749, 49-2.)  The Opinion and Order liberally construed the pro-se claim as embracing a potential claim of ineffective assistance of trial counsel for not consulting with Movant about appealing the alleged lack of factual basis for Count 2.  (Docket # 58 at Page ID # 849-50.)  The first proposed claim is that counsel was ineffective for not advising Movant, prior to pleading guilty, with respect to the factual basis for Count 2 and for not objecting to the lack of factual basis for Count 2.  (Docket # 66-1 at PageID # 907.)

Movant's second original claim is that the trial court erred in sentencing him based on an incorrectly-calculated guidelines sentencing range, particularly with respect to the U.S.S.G. § 2G2.1(b)(4) enhancement for sadistic/masochistic conduct/images.  (Dockets # 42 at PageID # 690, 49 at PageID # 750, 49-3 at PageID # 782, 786.)  The Opinion liberally construed the pro-se claim as contemplating a potential ineffectiveness claim for not consulting with Movant about appealing the alleged U.S.S.G. §

2G2.1(b)(4) error.  (Docket # 58 at Page ID # 849-50.)  The second proposed claim is that counsel was ineffective for not objecting to the U.S.S.G. § 2G2.1(b)(4) enhancement.  (Docket # 66-1 at PageID # 908.)

The United States responded in opposition to Movant's motion for leave, arguing that the "instant proposed amended § 2255 motion … falls more than two years outside the limitation period"; the "one-year period of limitation applies to a motion for leave to amend" a 2255 motion; and the proposed amended claims do not relate back to Movant's initial claims because "the current proposed motion raises new/different claims."  (Docket # 69 at PageID # 924-25.)

**Movant's second-amended Section 2255 motion (Docket # 66-1), if allowed,**
**would be filed past the 1-year period of limitation established by 28 U.S.C. § 2255(f).**

28 U.S.C. § 2255(f) established a 1-year period of limitation in which to file a Section 2255 motion.[2]
In this case, Movant's 1-year period of limitation began to run, pursuant to Section 2255(f)(1), on the date on which his judgment of conviction became final upon the conclusion of direct review.  As noted above, Movant did not file a direct appeal.  Therefore, the judgment became final upon the expiration of the time in which Movant could have (but did not) file a notice of appeal, which is 14 days after entry of judgment.
*Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing Fed. R. App. P. 4(b)(1)).

---

[2] Section 2255(f) provides that:

(f) A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of --

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the constitutional right asserted was originally recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because entry of judgment occurred in this case on January 13, 2016 (Docket # 36), judgment became final 14 days later on January 27, 2016.  This means that Movant had 1 year, or until January 27, 2017, to file his original Section 2255 motion.

Movant certifies that he placed his original Section 2255 motion in the prison mail system on January 6, 2017 (Docket # 42 at PageID # 697) -- making it timely filed under the so-called "mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (A prisoner's motion is deemed filed when "delivered … to the prison authorities for forwarding to the court clerk.").  However, Movant filed the present motion for leave to file a second-amended 2255 motion on April 2, 2019 (Docket # 66) -- over 2 years past the 1-year period of limitation.  Therefore, Movant's second-amended 2255 motion (Docket # 66-1), if allowed, would be filed past the 1-year period of limitation established by 28 U.S.C. § 2255(f).[3]

### Movant's amended claims (Docket # 66-1) are time barred
### unless they relate back to his original claims (Dockets # 42, 49).

Pursuant to the provisions of Fed. R. Civ. P. 15(a)(2), a movant may file, with leave of court, an amended Section 2255 motion at any time.[4]

Fed. R. Civ. P. 15(c)(1)(A, B) provides that claims set out in an amended pleading relate back to the date of the original pleading, for purposes of any applicable statute of limitations, only if "the amendment asserts a claim ... that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading."  Fed. R. Civ. P. 15(c)(1)(A, B).  In this case, the applicable statute of limitations is the 1-year period of limitation established by 28 U.S.C. § 2255(f).

---

[3] Movant certifies that he placed first-amended Section 2255 motion in the prison mail system on July 28, 2017 (Docket # 49 at PageID # 758) -- also past the 1-year period of limitation.  However, the United States did not argue that Movant's first-amended 2255 motion was untimely (Docket # 56), and it acknowledges that "[t]his Court already extended generous leave to amend the original § 2255 motion well outside the one-year filing period." (Docket # 69 at PageID # 924.)  Therefore, for purposes of analyzing the present motion for leave to file a second-amended Section 2255 motion (Docket # 66), this report will treat Movant's first-amended 2255 motion (Docket # 49) as if it were timely.

[4] Fed. R. Civ. P. 15 is made applicable to Section 2255 proceedings by 28 U.S.C. § 2242, Fed. R. Civ. P. 81(a)(4), and Rule 12 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court provided some guidance on whether a proposed amended habeas claim relates back to the original claims.  The Court began by rejecting as overly broad the view of some federal Courts of Appeal that a claim stated in an amended pleading relates back to claims stated in the original pleading upon a mere showing that the amended claim arose from the same trial, conviction, or sentence.  *Id.* at 657.  The Court found this overly "capacious" view to be at odds with Congress's intent, in enacting 28 U.S.C. § 2255(f), "to advance the finality of criminal convictions."  *Id.* at 662.

A finding of relation back is appropriate only if the amended claims are tied to the original claims by "a common core of operative facts."  *Id.* at 664.  Conversely, a finding of relation back is inappropriate if the amended claims assert new grounds for relief supported by facts that differ in both "time and type" from the original claims.  *Id.* at 650.

Felix's original pro-se claim was that the trial court's admission of videotaped testimony of a witness for the prosecution violated his rights under the Sixth Amendment's Confrontation Clause.  *Id.* at 648.  Felix's amended claim, through appointed counsel, was that, during pretrial interrogation, the police used coercive tactics to obtain incriminating statements from him, and admission of those statements at trial violated his Fifth Amendment right against self-incrimination.  *Id.* at 649.  The Court held that Felix's amended claim did not relate back to his original claim because the facts tending to show the one were "separated in time and type" from the facts tending to show the other.  *Id.*; *see generally* Brian R. Means, Federal Habeas Manual §§ 9A:147 - 9A:158 (2018) (relation-back principles).

Therefore, Movant's amended claims (Docket # 66-1) are time barred unless they relate back to his original claims (Dockets # 42, 49).

### Movant's amended claims (Docket # 66-1) are time barred<br>because they do not relate back to his original claims (Dockets # 42, 49).

The claims stated in Movant's proposed second-amended Section 2255 motion (Docket # 66-1) do not relate back to the claims stated in his original and first-amended 2255 motions.  (Dockets # 42, 49.)

This is because the facts Movant relies on to prove his second-amended claims are "separated in time and type" from the facts that would establish his original and first-amended claims. *Mayle v. Felix*, 545 U.S. at 649.  As detailed below, the claims are based on different legal theories, focus on different actors (trial court vs. trial counsel), and allege errors occurring at different times during the criminal trial process.

Movant's first original claim (Dockets # 42 at PageID # 689, 49 at PageID # 749, 49-2) is premised on FED. R. CRIM. P. 11(b)(3), which requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3).  Movant's first amended claim (Docket # 66-1 at PageID # 907), in contrast, is premised on the Sixth Amendment guarantee of effective assistance of counsel.  The original claim focuses on the trial court, and the amended claim focuses on trial counsel.  The original claim depends on Movant's admissions in open court at the August 19, 2015 change of plea hearing (Docket # 54 at PageID # 817-18, 824) and whether the admissions established an adequate factual basis for Movant's plea of guilty to Count 2.  The amended claim focuses on trial counsel's consultation and advice, if any, regarding Movant's decision to plead guilty to Count 2 prior to the August 19, 2015 change of plea hearing.

Movant's second original claim (Dockets # 42 at PageID # 690, 49 at PageID # 750, 49-3) is premised on sentencing guidelines issues, and his second amended claim (Docket # 66-1 at PageID # 908) is premised on the Sixth Amendment guarantee of effective assistance of counsel.  The original claim focuses on the trial court, and the amended claim focuses on trial counsel.  The original claim depends on the trial court's January 6, 2019 sentencing hearing and acceptance of the final presentence report (PSR) without objection.  (Dockets # 38, 39.)  The amended claim focuses on trial counsel's lack of an objection based on U.S.S.G. § 2G2.1(b)(4) in counsel's December 9, 2015 objections to the disclosure PSR (Docket # 26-1) and at the sentencing hearing (Docket # 39).

Movant's first and second amended claims (Docket # 66-1 at PageID # 907-08) are unrelated to and, therefore, do not relate back to his third and fourth original claims (Docket # 42 at PageID # 691-92). In any event, Movant withdrew and abandoned his third and fourth claims.[5]

Therefore, Movant's amended claims (Docket # 66-1) do not relate back to his original claims (Dockets # 42, 49).  It follows that the Court should DENY Movant's motion for leave to file a second-amended Section 2255 motion (Docket # 66) because, if allowed, the amended claims (Docket # 66-1) would be filed past the 1-year period of limitation established by 28 U.S.C. § 2255(f).

**Movant's amended claims remain time barred
notwithstanding the Court's liberal construction of his original claims.**

As described above, Movant's first original claim alleges trial error due to lack of a factual basis for Count 2; the undersigned construed the claim as embracing a potential claim of ineffective assistance of trial counsel for not consulting with Movant about appealing the alleged lack of factual basis (Docket # 58); and Movant's proposed amended claim is that counsel was ineffective for not advising him with respect to the factual basis before pleading guilty.  Movant's second original claim alleges trial error in sentencing based on an erroneous U.S.S.G. § 2G2.1(b)(4) enhancement; the undersigned construed the claim as embracing a potential ineffectiveness claim for not consulting with Movant about appealing the alleged error; and Movant's proposed amended claim is that counsel was ineffective for not objecting to the U.S.S.G. § 2G2.1(b)(4) enhancement before he was sentenced.

While Movant's proposed amended claims and his original claims as construed are both claims of ineffective assistance of trial counsel, it does not follow that that the amended claims relate back.  The

---

[5] Movant's third claim was that the trial court erred in accepting a non-plea sentencing enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) §§ 3D1.4 and 4B1.5(b)(1) in violation of *Beckles v. United States*, 137 S.Ct. 886 (2017).  (Docket # 42 at PageID # 691.)  In his first-amended Section 2255 motion, Movant explicitly stated that he was withdrawing his third claim (Docket # 49 at PageID # 752), and his present proposed second-amended Section 2255 motion (Docket # 66-1) does not mention Claim 3.
Movant's fourth claim was that the trial court erred in accepting Movant's pleas of guilty to sixteen counts of production of child pornography (18 U.S.C. § 2251(a) and (e)) because the counts were "multiplicitous."  (Docket # 42 at PageID # 692.)  Movant appears to have abandoned his fourth claim as he does not mention it in his first- or second-amended Section 2255 motions.  (Dockets # 49, 66-1).

Tenth Circuit recently held that an ineffectiveness claim premised on failure to consult about filing an appeal does not relate back to an ineffectiveness claim premised on failure to file an appeal as directed. *United States v. Roe*, 913 F.3d 1285, 1298 (10th Cir. 2019).  The failure-to-consult claim was held not to relate back because the facts supporting each claim differ in "both time and type," 545 U.S. at 650, and each claim "would have had to be pleaded discreetly and supported by separate, specific factual averments to comply with the dictates of Section 2255 Rule 2(b)."  *Id.* at 1300 (referencing Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts); *compare* 545 U.S. at 655 (explaining that Rule 2(c) of the Rules Governing Section 2254 Proceedings requires more than notice pleading and provides that a petitioner must "state the facts supporting each ground" with sufficient particularity to show a real possibility of constitutional error).

Movant's ineffectiveness claims would have had to be pleaded discreetly to comply with Rule 2(b) because the "facts supporting each ground" and the "relief requested" are different.  Rule 2(b).  The facts supporting the original claims focus on counsel's consultation, if any, regarding filing an appeal near the conclusion of the criminal trial process, whereas the facts supporting the amended claims focus on counsel's consultation <u>before</u> Movant pled guilty and <u>before</u> he was sentenced.  The relief available for the original claims is limited to vacation of the Court's previously-entered judgment of conviction and sentence (Docket # 36) and entry of a new judgment, which Movant might then appeal.  *See United States v. Pola*, No. 3:09-CR-5-R, 2016 WL 4098574, at *4 (W.D. Ky. July 28, 2016) (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)).  In contrast, the relief available for the amended claims includes vacation of Movant's conviction on Count 2 and resentencing.  Therefore, because Movant's proposed amended claims focus on different facts and contemplate more extensive relief than Movant's original claims as construed, the amended claims remain time barred.

**Legal standards governing issuance of a certificate of appealability (COA)**

In 2009, Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts was amended.  Rule 11(a) now provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a).  The Advisory Committee Notes indicate that the purpose of Rule 11(a) is to "ensure prompt decision making [regarding the COA] when the issues are fresh, rather than postponing consideration of the [COA]" until later in the proceedings.

This report does not address Movant's original and first-amended Section 2255 motions.  (Dockets # 42, 49.)  While adoption by the district court of the present recommendation to deny Movant's motion for leave to file a second-amended Section 2255 motion (Docket # 66) would not be a final and appealable order or a final judgment, it would be dispositive of and adverse to Movant's proposed amended claims. Therefore, this report will address the question of whether denial of the motion to amend would warrant issuance of a certificate of appealability (COA).  *See Wettstain v. United States*, No. 4:07-CR-00010-JHM-HBB, 2012 WL 13080231 (W.D. Ky. June 20, 2012) (recommending denial of motion for leave to amend Section 2255 motion and also recommending denial of a COA).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that [1] jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that [2] jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Thus, there are two components to determining whether a COA should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.* at 485.  While the first prong of the *Slack v. McDaniel* test is a "threshold inquiry" that "does not require full consideration of the factual or legal bases adduced in

11

support of the claims," it does contemplate an "overview of the claims … and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

As detailed below, under the second prong of the *Slack v. McDaniel* test, jurists of reason could find it debatable whether Movant's proposed amended claims are procedurally barred because they do not relate back to his original claims. However, this inquiry is not case dispositive because the *Slack v. McDaniel* test is a <u>conjunctive</u> test, and jurists of reason would <u>not</u> find it debatable that the amended claims do not state valid claims of the denial of a constitutional right. Therefore, if the Court rules that Movant's proposed amended claims do not relate back, that ruling would not warrant issuance of a COA.

### Denial of Movant's first amended claim would not warrant issuance of a COA under the first prong of the *Slack v. McDaniel* test.

Jurists of reason would not find it debatable that Movant's first amended claim (Docket # 66-1 at PageID # 907) does not state a valid claim of the denial of a constitutional right. This is illustrated by the rejection of a similar claim by the District Court in *Van Stevenson v. United States*, No. 1:17-CV-733, 2018 WL 3802113 (W.D. Mich. Aug. 10, 2018). Whereas Movant persuaded his victim send a "long sexy video" of himself "bouncing" on a plunger handle (Docket # 59 at PageID # 856), Van Stevenson persuaded his victim to send sexually explicit videos as part of her "Slave Assignment." *United States v. Stevenson*, 659 F. App'x 221, 222 (6th Cir. 2016).

Based on these pornographic images, Movant and Van Stevenson were charged with and pled guilty to violations of 18 U.S.C. § 2422(b), which makes it a crime to persuade a minor to engage in "any sexual activity for which any person can be charged with a criminal offense." *See* 18 U.S.C. § 2427 ("[T]he term 'sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography.").

Van Stevenson claimed that his trial counsel was ineffective because, rather than advising him to plead guilty, counsel should have cited "a purported circuit split regarding the definition of 'sexual activity.'" 2018 WL 3802113, at *5. According to the District Court in *Van Stevenson*, although "[t]he

Sixth Circuit has not reached the issue," there is a minority view, which "requires person-to-person contact and therefore does not include self-masturbation." *Id.* (citing *United States v. Taylor*, 640 F.3d 255 (7th Cir. 2011)); *compare United States v. Fugit*, 703 F.3d 248, 256 (4th Cir. 2012) (interpreting "sexual activity" as conduct connected with the "active pursuit of libidinal gratification" on the part of an individual and, therefore, not requiring physical contact), with *United States v. Taylor*, 640 F.3d 255, 259-60 (7th Cir. 2011) (applying the rule of lenity to interpret "sexual activity" as requiring physical contact).  Movant claims that his trial counsel was ineffective for not advising him that the term "sexual activity," as contemplated by Section 2422(b), "has been interpreted to mean personal contact requiring an overt act of substantial step to meet and engage with a minor."  (Docket # 66-1 at PageID # 907.)

The District Court held that Van Stevenson's trial counsel was not ineffective because "[d]eclining to pursue weak or meritless arguments, i.e., those derived from a minority of circuits and contrary to a majority of circuits, is not constitutionally deficient performance."  2018 WL 3802113, at *5 (citing *Garcia v. United States*, No. 99-1134, 2000 WL 145358, at *2 (6th Cir. Feb. 2, 2000)).[6]  There is no reason apparent why a different result (i.e., a finding of ineffectiveness) should apply in this case.

**Denial of Movant's second amended claim would not warrant issuance of a COA under the first prong of the *Slack v. McDaniel* test.**

Jurists of reason would not find it debatable that Movant's second amended claim (Docket # 66-1 at PageID # 908) does not state a valid claim of the denial of a constitutional right.  This is illustrated by the rejection of a similar claim by the Eighth Circuit in *United States v. Macaluso*, 460 F. App'x 862 (8th Cir. 2012).  Macaluso persuaded his victim to send images of self-penetration with a screwdriver and candle.  *Id.* at 866.  Macaluso was convicted of violating 18 U.S.C. § 2422(b).  *Id.* at 867.

---

[6] The circuit split was only "purported" and the arguments based on *Taylor* were "weak or meritless" because Section 2427 arguably dictates that physical contact with the victim is <u>not</u> required where the Section 2422(b) count is based on sexual activity consisting of production of child pornography.  *See Reynolds v. United States*, No. 15-CV-26-NJR, 2018 WL 1257751, at * (S.D. Ill. 2018) (In light of Section 2427, "Reynolds's conduct constitutes 'sexual activity' … regardless of the [requirement of physical contact] rule announced in *Taylor*.").

Macaluso claimed that the District Court erred in accepting a U.S.S.G. § 2G2.1(b)(4) enhancement based on a finding that self-penetration with a screwdriver and candle was sadistic.  Movant claims that the sentencing guidelines range was erroneously calculated due to "a four level enhancement of a guideline range for sadistic material pursuant to USSG Section 2G2.1(b)(4)" based on a finding that "certain conduct [i.e., self-penetration with a plunger handle] was sadistic."  (Docket # 66-1 at PageID # 908.)  The Eight Circuit rejected Macaluso's claim:

> The sentencing guidelines provide for an enhancement in the base offense level if the offense involved images portraying "sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4).  Sadistic conduct includes the infliction of pain or cruelty.  *United States v. Hall*, 312 F.3d 1250, 1261 n. 13 (11th Cir. 2002) (interpreting U.S.S.G. § 2G2.2(b)(3) (2001), which contains the same language as § 2G2.1(b)(4)).  We presume that vaginal or anal penetration of a young child is necessarily painful and, thus, is sadistic.  *Id.* at 1262-63; *United States v. Caro*, 309 F.3d 1348, 1352 (11th Cir.2002).

> Here, the district court properly applied the § 2G2.1(b)(4) enhancement.  The evidence showed that the offense involved images portraying painful and humiliating sex acts. … Thus, there is no merit to Macaluso's argument that the enhancement would not apply.

*Id.* at 871.  There is no reason apparent why a different result (i.e., erroneous U.S.S.G. § 2G2.1(b)(4) enhancement) should apply in this case.  Because the enhancement was found to be proper, trial counsel was not ineffective for not objecting to it.

**Denial of Movant's amended claims would warrant issuance of a COA**
**under the second prong of the *Slack v. McDaniel* test.**

The second prong of the *Slack v. McDaniel* test requires that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  529 U.S. at 484.  Denial of Movant's amended claims (Docket # 66-1 at PageID # 907-08) would arguably warrant issuance of a COA under the second prong of the test.  This is because the amended claims are simply attributing alleged trial error to ineffective assistance of counsel. *See Halvorsen v. Parker*, No. 08-484-DLB, 2012 WL 5866220, at *3 (E.D. Ky. Nov. 19, 2012) (citing cases for the proposition that the question of whether "ineffective assistance claims are sufficiently related factually to the events which gave rise to [the] substantive claims of error by the trial court … to warrant relation back … is far from uniform"); *compare Kirk v. Burge*, 646

14

F.Supp.2d 534, 551-52 (S.D. N.Y. Aug. 6, 2009) (collecting cases for the proposition that ineffectiveness claims do not generally relate back to trial-error claims), with *Gonzales v. Boca*, No. C-02-2279-JSW, 2007 WL 1174698, at *7 (N.D. Cal. April 19, 2007) (finding that, because relation back occurs when the new claim "only changes the legal theory," 545 U.S. at 664 n. 7, "but for the different actors -- or more precisely, the different legal theories -- the [ineffectiveness] claims are identical in time and type [to the trial-error claims].").[7]

### Case Status

In the event the Court adopts this report and recommendation, the Magistrate Judge proposes to determine whether Movant intends to pursue his original claims, his original claims as construed in the Opinion and Order at Docket # 58, or any other claim that relates back to his original claims.  The Magistrate Judge would then conduct an evidentiary hearing, if warranted, and submit a report recommending disposition of Movant's remaining claims.

### RECOMMENDATION

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court DENY Movant's motion for leave to file a second-amended Section 2255 motion (Docket # 66) and DENY a certificate of appealability.

### NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided

---

[7] As noted above, Movant's first and second amended claims are unrelated to and, therefore, do not relate back to his third and fourth original claims.  Also, Movant withdrew and abandoned his third and fourth claims.  Jurists of reason would not find this debatable.

by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.

*Thomas v. Arn*, 474 U.S. 140, 147 (1985).


May 21, 2019

**Lanny King, Magistrate Judge**
**United States District Court**