UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,   Plaintiff,

v.   Criminal Action No. 3:15-cr-83-DJH-LLK

PATRICK NEWMAN,   Defendant.

\* \* \* \* \*

## ORDER

Patrick Newman has filed a motion to dismiss his amended petition under 28 U.S.C. § 2255. (Docket No. 74)  The Court referred this matter to United States Magistrate Judge Lanny King for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) & (3).  (D.N. 57)  On August 14, 2019, Judge King held a telephonic status conference, during which Newman's counsel clarified that his intent in filing the motion to dismiss was effectively to abandon and voluntarily dismiss all habeas claims and terminate this action.  (D.N. 77, PageID # 950)  Judge King issued his Findings of Fact, Conclusions of Law, and Recommendation on August 16, 2019.  (D.N. 77)  He found that Newman's first amended § 2255 motion (D.N. 49) superseded his original § 2255 motion (D.N. 42) because "[g]enerally, amended pleadings supersede original pleadings" and "[t]his rule applies to [§ 2255] habeas petitions."   (D.N. 77, PageID # 950 (quoting *Braden v. United States,* 817 F.3d 926, 930 (6th Cir. 2016)))  Newman's proposed second amended § 2255 motion (D.N. 66-1) was never filed because the Court denied his motion for leave to amend.  (D.N. 72)  As a result, Judge King found the only remaining motion, the first amended motion (D.N. 49), to be the logical subject of Newman's motion to dismiss.  (D.N. 77, PageID # 951)  Further, as Newman moved to effectively abandon all habeas claims, Judge King found the United States's motion for reconsideration (D.N. 59) to be moot.  (D.N. 77, PageID # 951)

Judge King recommended that the Court grant Newman's motion to dismiss his amended § 2255 motion (D.N. 74); deny Newman's original and first amended § 2255 motions (D.N. 42; D.N. 49); deny the United States' motion for reconsideration (D.N. 59); deny Newman a certificate of appealability with respect to the denial (on procedural grounds) of his two claims of ineffective assistance of trial counsel (D.N. 66-1); and enter judgment in favor of the United States. (D.N. 77, PageID # 951)

The time for objections to the report and recommendation has now run, with no objections filed. The Court need not review a magistrate judge's findings when no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). Nevertheless, the Court has reviewed the record and largely agrees with Judge King's recommendation. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)   The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Lanny King (D.N. 77) are **ADOPTED** and **INCORPORATED** by reference herein as to the disposition of Newman's claims.

(2)   Newman's motion to dismiss his amended § 2255 motion (D.N. 74) is **GRANTED**.

(3)   Newman's original (D.N. 42) and first amended § 2255 motions (D.N. 49) are **DENIED**.

(4)   The United States' motion for reconsideration (D.N. 59) is **DENIED** as moot.

(5)   No certificate of appealability shall issue with respect to Newman's two claims of ineffective assistance of trial counsel (D.N. 66-1).

(6)  This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

September 16, 2019

**David J. Hale, Judge**
**United States District Court**